# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## NO. 14-4838

_____

### UNITED STATES OF AMERICA,

Appellee,

v.

### IKE DAVID SIMMONS,

Appellant.

_____

### JOINT APPENDIX
_____

### VOLUME I

**THOMAS P. McNAMARA**
Federal Public Defender

| | |
|---|---|
| **ERIC J. BRIGNAC** | **JENNIFER P. MAY-PARKER** |
| Assistant Federal Public Defender | Assistant United States Attorney |
| Eastern District of North Carolina | Eastern District of North Carolina |
| 150 Fayetteville Street, Suite 450 | 310 New Bern Avenue, 8th Floor |
| Raleigh, North Carolina  27601 | Raleigh, North Carolina 27801 |
| (919) 856-4236 | (919) 856-4530 |
| | |
| **Counsel for Appellant** | **Counsel for Appellee** |

## CONTENTS OF APPENDIX

**PAGE NO.**

**VOLUME I**

Docket Sheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Transcript of Rule 11 Hearing (June 2, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Memorandum of Plea Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Transcript of Sentencing Hearing (November 3, 2014) . . . . . . . . . . . . . . . . . . . . . . 40

       Testimony of A.M. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

      Certificate of Service Of Brief And Joint Appendix

**VOLUME II**
**(under seal)**

Presentence Report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

Statement of Reasons . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

      Certificate of Service Of Brief And Joint Appendix

APPEAL,USMJ Gates

# U.S. District Court
# EASTERN DISTRICT OF NORTH CAROLINA (Western Division)
# CRIMINAL DOCKET FOR CASE #: 5:14-cr-00007-BR-1

Case title: USA v. Simmons

Date Filed: 01/21/2014
Date Terminated: 11/03/2014

Assigned to: Senior Judge W. Earl Britt

Appeals court case number: 14-4838 4th
Circuit Court of Appeals

### Defendant (1)

**Ike David Simmons**
*TERMINATED: 11/03/2014*

represented by **Cindy J. Bembry**
Federal Public Defender
150 Fayetteville St., Suite 450
Raleigh, NC 27611-5967
919-856-4236
Fax: 919-586-4477
Email: cindy_bembry@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

### Pending Counts

Manufacture of child pornography
(1)

### Disposition

Buearu of Prisons for a term of 600
months. Supervised release for a term of
20 years. Special conditions imposed.
$100.00 special assessment due in full
immediately.

### Highest Offense Level (Opening)

Felony

### Terminated Counts

Manufacture of child pornography
(2-10)

Possession of child pornography
(11)

### Disposition

Dismissed by the Court

Dismissed by the Court

### Highest Offense Level (Terminated)

**Joint Appendix 1**

Felony

---

**Complaints**                                                    **Disposition**

None

---

**Plaintiff**

**USA**                              represented by    **Ethan A. Ontjes**
                                                       U. S. Attorney's Office
                                                       310 New Bern Ave.
                                                       Suite 800
                                                       Raleigh, NC 27601
                                                       919-856-4530
                                                       Fax: 856-4487
                                                       Email: ethan.ontjes@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Stephen A. West**
                                                       United States Attorney
                                                       310 New Bern Ave.
                                                       Suite 800
                                                       Raleigh, NC 27601
                                                       919-856-4048
                                                       Fax: 856-4821
                                                       Email: steve.west@usdoj.gov
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/21/2014 | 1 | INDICTMENT as to Ike David Simmons (1) counts 1-10, 11. The foreperson's signature has been redacted pursuant to the E-Government Act. The unredacted version of this document has been filed under seal. (Marsh, K) (Entered: 01/23/2014) |
| 01/21/2014 | 2 | Unredacted Document - 1 Indictment. (Marsh, K) (Entered: 01/23/2014) |
| 01/21/2014 | 3 | Warrant Requested by USA as to Ike David Simmons. (Marsh, K) (Entered: 01/23/2014) |
| 01/21/2014 | 4 | Arrest Warrant Issued by Julie A. Richards, Clerk of Court in case as to Ike David Simmons. Original to US Marshal's Office for service. (Marsh, K) (Entered: 01/23/2014) |
| 01/21/2014 | 5 | Penalty Sheet *(Selected Participants Only)* as to Ike David Simmons. (Marsh, K) (Entered: 01/23/2014) |
| 01/23/2014 | | Set Hearing as to Ike David Simmons: Initial Appearance set for 1/24/2014 at 9:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge William A. Webb. |

| | | |
|---|---|---|
| | | (Bunn, A.) (Entered: 01/23/2014) |
| 01/24/2014 | 6 | Minute Entry for proceedings held before Magistrate Judge William A. Webb: Initial Appearance as to Ike David Simmons held on 1/24/2014 in Raleigh. Assistant US Attorney present for government. Assistant Federal Public Defender present with defendant. Defendant completes the financial affidavit and court appoints counsel. Defendant advised of all charges, rights, and maximum penalties. Detention hearing set for Wednesday, January 29, 2014 at 10 am in Raleigh. Defendant remanded to custody of the US Marshal. (Court Reporter FTR) (Bunn, A.) (Entered: 01/24/2014) |
| 01/24/2014 | 7 | CJA 23 Financial Affidavit by Ike David Simmons. (Bunn, A.) (Entered: 01/24/2014) |
| 01/24/2014 | 8 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Ike David Simmons. Signed by Magistrate Judge William A. Webb on 1/24/14. (Bunn, A.) (Entered: 01/24/2014) |
| 01/24/2014 | | ORAL MOTION for Detention by USA as to Ike David Simmons. (Bunn, A.) (Entered: 01/24/2014) |
| 01/24/2014 | 9 | ORDER OF TEMPORARY DETENTION as to Ike David Simmons. Detention Hearing set for 1/29/2014 at 10:00 AM in Raleigh - 6th Floor Courtroom before Magistrate Judge James E. Gates. Signed by Magistrate Judge William A. Webb on 1/24/14. (Bunn, A.) (Entered: 01/24/2014) |
| 01/24/2014 | 10 | Arrest Warrant Returned Executed on 1/24/2014 as to Ike David Simmons. (Grady, B.) (Entered: 01/24/2014) |
| 01/28/2014 | 11 | Pretrial Services Report filed by Danele Williams as to Ike David Simmons. (Martin, Bambi) (Entered: 01/28/2014) |
| 01/30/2014 | 12 | Minute Entry for proceedings held before Magistrate Judge James E. Gates in Raleigh - Detention Hearing as to Ike David Simmons held on 1/30/2014. Defendant present with counsel. Assistant US Attorney present for Government. Defendant waives detention hearing. Defendant ordered detained and remanded to the custody of the US Marshal. (Court Reporter - FTR) (Powers, S.) (Entered: 01/30/2014) |
| 01/30/2014 | 13 | WAIVER of Detention Hearing by Ike David Simmons. (Powers, S.) (Entered: 01/30/2014) |
| 01/30/2014 | | ORAL ORDER granting Oral Motion for Detention Pending Trial as to Ike David Simmons (1). Entered by Magistrate Judge James E. Gates on 1/30/14. (Powers, S.) (Entered: 01/30/2014) |
| 01/31/2014 | 14 | SCHEDULING ORDER as to Ike David Simmons: Arraignment set for 4/1/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. The attorneys are ORDERED to conduct a pre-trial conference on or before 2/14/2014. Motions due by 2/28/2014. Response to Motion due by 3/17/2014. Counsel should read order in its entirety for critical deadlines. Signed by Magistrate Judge William A. Webb on 1/31/2014. (Marsh, K) (Entered: 01/31/2014) |
| 02/03/2014 | 15 | NOTICE OF ATTORNEY APPEARANCE: Cindy J. Bembry appearing for Ike David Simmons (Bembry, Cindy) (Entered: 02/03/2014) |

| 02/03/2014 | 16 | Request for discovery as to Ike David Simmons. (Bembry, Cindy) (Entered: 02/03/2014) |
| 02/05/2014 | 17 | AMENDED Penalty Sheet *(Selected Participants Only)* as to Ike David Simmons. (Marsh, K) (Entered: 02/05/2014) |
| 02/27/2014 | 18 | MOTION to Continue *Arraignment and Trial*, MOTION for Extension of Time to File Pretrial Motions until March 30, 2014 by Ike David Simmons. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 02/27/2014) |
| 02/27/2014 | | Motion Submitted to Senior US District Judge W. Earl Britt's chambers as to Ike David Simmons regarding 18 MOTION to Continue *Arraignment and Trial* MOTION for Extension of Time to File Pretrial Motions until March 30, 2014. (Marsh, K) (Entered: 02/27/2014) |
| 02/28/2014 | 19 | ORDER granting 18 Motion to Continue Arraignment and Trial as to Ike David Simmons (1) and granting 18 Motion for Extension of Time as to Ike David Simmons (1). Signed by Senior Judge W. Earl Britt on 2/28/2014. (Marsh, K) (Entered: 02/28/2014) |
| 02/28/2014 | | Reset Hearing as to Ike David Simmons: Arraignment and Trial reset for 5/5/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 02/28/2014) |
| 03/28/2014 | 20 | Second MOTION for Extension of Time To File Pretrial Motions until April 29, 2014, MOTION to Continue *Arraignment and Trial* by Ike David Simmons. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 03/28/2014) |
| 03/28/2014 | | Motion Submitted to Senior US District Judge W. Earl Britt as to Ike David Simmons regarding 20 Second MOTION for Extension of Time To File Pretrial Motions until April 29, 2014 MOTION to Continue *Arraignment and Trial.* (Marsh, K) (Entered: 03/28/2014) |
| 03/31/2014 | 21 | ORDER granting 20 Motion for Extension of Time as to Ike David Simmons (1) and granting 20 Motion to Continue arraignment and trial as to Ike David Simmons (1). Signed by Senior Judge W. Earl Britt on 3/31/2014. (Marsh, K) (Entered: 03/31/2014) |
| 03/31/2014 | | Reset Hearing as to Ike David Simmons: Arraignment and Trial reset for 6/2/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 03/31/2014) |
| 05/14/2014 | | Remark - At the direction of the Court, United States Magistrate Judge James E. Gates is reassigned as the magistrate judge in this case. (Marsh, K) (Entered: 05/14/2014) |
| 05/19/2014 | 22 | NOTICE OF HEARING as to Ike David Simmons: Arraignment and Trial set for 6/2/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 05/19/2014) |
| 06/02/2014 | 24 | Minute Entry for proceedings held before Senior Judge W. Earl Britt in Raleigh: Arraignment as to Ike David Simmons (1) - Count 1 held on 6/2/2014. Assistant US Attorney present for government. Defendant present with counsel. Plea entered by Ike David Simmons (1) - Guilty as to Count 1. Memorandum of plea agreement |

Joint Appendix 4

| | | |
|---|---|---|
| | | filed in open court. Counts 2-11 of the Indictment to be dismissed at sentencing. Sentencing set for 9/8/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. Defendant remanded to custody of US Marshal. (Court Reporter Donna Tomawski) (Marsh, K) (Entered: 06/02/2014) |
| 06/02/2014 | 25 | MEMORANDUM OF PLEA AGREEMENT filed in open court as to Ike David Simmons. (Marsh, K) (Entered: 06/02/2014) |
| 06/02/2014 | | ORAL MOTION to Dismiss Counts 2-11 of the Indictment at Sentencing by USA as to Ike David Simmons. (Marsh, K) (Entered: 06/03/2014) |
| 06/26/2014 | 26 | NOTICE OF ATTORNEY APPEARANCE Stephen A. West appearing for USA. (West, Stephen) (Entered: 06/26/2014) |
| 08/13/2014 | 27 | NOTICE OF HEARING as to Ike David Simmons: Sentencing set for 9/8/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 08/13/2014) |
| 08/18/2014 | 28 | MOTION to Continue *Sentencing* by Ike David Simmons. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 08/18/2014) |
| 08/18/2014 | | Motion Submitted to Senior US District Judge W. Earl Britt as to Ike David Simmons regarding 28 MOTION to Continue *Sentencing.* (Marsh, K) (Entered: 08/18/2014) |
| 08/19/2014 | 29 | ORDER granting 28 Motion to Continue Sentencing as to Ike David Simmons (1). Signed by Senior Judge W. Earl Britt on 8/19/2014. (Marsh, K) (Entered: 08/19/2014) |
| 08/19/2014 | | Reset Hearing as to Ike David Simmons: Sentencing reset for 9/29/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 08/19/2014) |
| 09/11/2014 | 30 | NOTICE OF HEARING as to Ike David Simmons: Sentencing set for 9/29/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 09/11/2014) |
| 09/22/2014 | 31 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Ike David Simmons. (Dotson, S.) (Entered: 09/22/2014) |
| 09/22/2014 | 33 | MOTION to Continue *Sentencing* by Ike David Simmons. (Attachments: # 1 Text of Proposed Order) (Bembry, Cindy) (Entered: 09/22/2014) |
| 09/23/2014 | | Motion Submitted to Senior US District Judge W. Earl Britt as to Ike David Simmons regarding 33 MOTION to Continue *Sentencing.* (Marsh, K) (Entered: 09/23/2014) |
| 09/24/2014 | 34 | ORDER granting 33 Motion to Continue Sentencing as to Ike David Simmons (1). Signed by Senior Judge W. Earl Britt on 9/24/2014. (Marsh, K) (Entered: 09/24/2014) |
| 09/24/2014 | | Reset Hearing as to Ike David Simmons: Sentencing reset for 11/3/2014 at 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 09/24/2014) |
| 10/03/2014 | 35 | NOTICE OF HEARING as to Ike David Simmons: Sentencing set for 11/3/2014 at |

| | | 9:00 AM in Raleigh - 7th Floor - Courtroom 2 before Senior Judge W. Earl Britt. (Marsh, K) (Entered: 10/03/2014) |
|---|---|---|
| 11/03/2014 | 36 | Minute Entry for proceedings held before Senior Judge W. Earl Britt in Raleigh: Sentencing held on 11/3/2014 for Ike David Simmons (1). Assistant US Attorney present for government. Defendant present with counsel. Count 1 - Bueary of Prisons for a term of 600 months. Supervised release for a term of 20 years. Special conditions imposed. $100.00 special assessment due in full immediately. Count 2-10 and 11 dismissed by the Court. Defendant remanded to custody of US Marshal. (Court Reporter Donna Tomawski) (Marsh, K) (Entered: 11/04/2014) |
| 11/03/2014 | 37 | CONSENT DECREE FOR FORFEITURE filed in open court by USA as to Ike David Simmons. (Marsh, K) (Entered: 11/06/2014) |
| 11/03/2014 | | ORAL ORDER granting ORAL Motion to Dismiss Counts 2-11 of the Indictment at Sentencing as to Ike David Simmons (1). Signed by Senior Judge W. Earl Britt on 11/3/2014. (Marsh, K) (Entered: 11/06/2014) |
| 11/03/2014 | 38 | JUDGMENT as to Ike David Simmons (1) - Count 1 - Bueary of Prisons for a term of 600 months. Supervised release for a term of 20 years. Special conditions imposed. $100.00 special assessment due in full immediately. Counts 2-10 and 11 dismissed by the Court. Signed by Senior Judge W. Earl Britt on 11/6/2014. (Marsh, K) (Entered: 11/06/2014) |
| 11/07/2014 | 39 | NOTICE OF APPEAL by Ike David Simmons regarding 38 Judgment, (Bembry, Cindy) (Entered: 11/07/2014) |
| 11/07/2014 | 40 | Transmission of Notice of Appeal and Docket Sheet as to Ike David Simmons to US Court of Appeals regarding 39 Notice of Appeal - Final Judgment. NOTE: The Docketing Statement, Transcript Order Form and CJA-24 forms, if you are court appointed counsel, are available on our website at website. If CJA-24 forms are applicable, complete items 1-14, and 18 for each court reporter from whom you wish to order a transcript, and file each one separately in this case with the event Appeal-Proposed CJA-24. The CJA-24 forms will then be processed by the U.S.District Court Clerk's Office. (Fogle, L.) (Entered: 11/07/2014) |
| 11/10/2014 | 41 | US Court of Appeals Case Number as to Ike David Simmons 14-4838, Michael Radday, Case Manager for 39 Notice of Appeal - Final Judgment filed by Ike David Simmons. (Fogle, L.) (Entered: 11/12/2014) |
| 11/10/2014 | 42 | ORDER of US Court of Appeals (certified copy) as to Ike David Simmons regarding 39 Notice of Appeal - Final Judgment. The court appoints the Federal Public Defender for the Eastern District of North Carolina to represent Ike David Simmons on appeal. (Fogle, L.) (Entered: 11/12/2014) |
| 12/19/2014 | 43 | ORDER of US Court of Appeals (certified copy) as to Ike David Simmons regarding 39 Notice of Appeal - Final Judgment. The deadline for filing of transcript by Donna J. Tomawski is extended to 01/26/2015 without sanctions. (Fogle, L.) (Entered: 12/19/2014) |
| 01/14/2015 | 44 | OFFICIAL TRANSCRIPT of Rule 11 Proceedings as to Ike David Simmons for dates of June 2, 2014 before Senior Judge W. Earl Britt, regarding 39 Notice of Appeal - Final Judgment Court Reporter Donna J. Tomawski. Transcript may be |

| | | |
|---|---|---|
| | | viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - no. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 2/9/2015. Redacted Transcript Deadline set for 2/20/2015. Release of Transcript Restriction set for 4/17/2015. (Tomawski, Donna) (Entered: 01/14/2015) |
| 01/14/2015 | 45 | OFFICIAL TRANSCRIPT of Sentencing Hearing as to Ike David Simmons for dates of November 3, 2014 before Senior Judge W. Earl Britt, regarding 39 Notice of Appeal - Final Judgment Court Reporter, Donna J. Tomawski. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Does this satisfy all appellate orders for this reporter? - yes. Please review Attorney obligations regarding the redaction of electronic transcripts of court proceedings available on the court's website. Redaction Request due 2/9/2015. Redacted Transcript Deadline set for 2/20/2015. Release of Transcript Restriction set for 4/17/2015. (Tomawski, Donna) (Entered: 01/14/2015) |
| 01/14/2015 | | NOTICE of Filing of Official Transcript 44 Transcript - Appeal 45 Transcript - Appeal. The parties have seven calendar days from the filing of the transcript to file a Notice of Intent to Request Redaction. The parties must also serve a copy on the court reporter or transcriber. After filing the Notice of Intent to Request Redaction, a party must submit to the court reporter or transcriber, within 21 calendar days of the filing of the transcript, a written statement indicating where the personal data identifiers to be redacted appear in the transcript. (Tomawski, Donna) (Entered: 01/14/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 03/02/2015 10:19:27 | | | |
| PACER Login: | pd0733:2893906:0 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 5:14-cr-00007-BR |
| Billable Pages: | 5 | Cost: | 0.50 |

**Joint Appendix 7**

FILED IN OPEN COURT

ON 1-21-14 (AR

Julie A. Richards, Clerk
US District Court
East...

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-7-1BR(3)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **INDICTMENT** |
| | ) | |
| IKE DAVID SIMMONS | ) | |

The Grand Jury charges that:

## COUNTS ONE THROUGH TEN

(Manufacture of Child Pornography)

In or about July 2013, in the Eastern District of North Carolina, the defendant, IKE DAVID SIMMONS, attempted to, and did employ, use, persuade, induce, entice, and coerce a minor (whose identity is known to the grand jury) to engage in sexually explicit conduct for the purpose of producing the following visual depictions of such conduct:

| Count | Image Name |
|---|---|
| 1 | Anal.mp4 |
| 2 | Video0002.mp4 |
| 3 | Long.mp4 |
| 4 | Video0004.mp4 |
| 5 | Video0005.mp4 |

| 6 | Video0006.mp4 |
|---|---|
| 7 | Video0007.mp4 |
| 8 | Saved.avi |
| 9 | Video0001(1).mp4 |
| 10 | Video0003.mp4 |

These visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce; each entry in the above table constituting a separate violation of Title 18, United States Code Sections 2251(a) and (d).

### COUNT ELEVEN

(Possession of Child Pornography)

On or about August 1, 2013, in the Eastern District of North Carolina, IKE DAVID SIMMONS, the defendant herein, did knowingly possess one or more matters, that is, computer hard drives and computer media containing digital and computer images, the production of which involved the use of a minor engaging in sexually explicit conduct, and which images visually depicted such conduct. The images had been mailed, shipped and transported in interstate and foreign commerce, and were produced using materials which had been mailed, shipped, or

transported in interstate and foreign commerce, by any means including by computer, all in violation of Title 18, United States Code, Section 2252(a)(4)(B).

## ALLEGATION OF PRIOR CONVICTIONS

As to counts 1 through 11:

For purposes of Title 18, United States Code, Section 2251(e), and Title 18, United States Code, Section 2252(b), the defendant has previously been convicted of offenses under military law related to the sexual exploitation of children (including, but not limited to, the possession and receipt of child pornography, sodomy of a child).

## FORFEITURE ALLEGATION

If convicted of one or more of the offenses set forth in counts 1-11 above, IKE DAVID SIMMONS, the defendant herein, shall forfeit to the United States —

(1) any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense(s);

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s)

— all pursuant to Title 18, United States Code, Section 2253(a).

If any of the above-described forfeitable property, as a result of any act or omission of the defendant --

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 18, United States Code, Sections 2253(o) or 1467(n), whichever may be applicable, to seek forfeiture of any other property of said defendant up to the

value of the above forfeitable property.

A TRUE BILL

_____
Foreperson

**REDACTED VERSION**
Pursuant to the E-Government Act and the
federal rules, the unredacted version of
this document has been filed under seal.

Date:_____ZIJAN14_____

THOMAS G. WALKER
United States Attorney

BY: ETHAN A. ONTJES
Assistant United States Attorney
Criminal Division

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


UNITED STATES OF AMERICA,         )
                                  )
              V.                  )        5:14-CR-7-1-BR
                                  )
IKE DAVID SIMMONS,                )
                                  )
              DEFENDANT.          )
_____   )


RULE 11
JUNE 2, 2014
BEFORE THE HONORABLE W. EARL BRITT
SENIOR U.S. DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:

MR. ETHAN ONTJES
ASST. U.S. ATTORNEY
310 NEW BERN AVE.
RALEIGH, NC


FOR THE DEFENDANT:

MS. DIANA PEREIRA
ASST. FEDERAL PUBLIC DEFENDER
P.O. BOX 25967
RALEIGH, NC




COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION

```
 1                    MONDAY, JUNE 2, 2014

 2           THE COURT:  GOOD MORNING EVERYONE.  AT THIS TIME

 3   THE COURT IS GOING TO CALL THE ARRAIGNMENT CALENDAR.  IF

 4   COUNSEL IS PRESENT, COUNSEL SHOULD RESPOND ADVISING THE

 5   COURT OF FIRST WHETHER THE DEFENDANT IS PRESENT -- I

 6   BELIEVE THEY ARE ALL IN CUSTODY SO I ASSUME THEY ARE, HOW

 7   THE MATTER IS TO BE DISPOSED OF, BY PLEA OR TRIAL, AND IF

 8   BY TRIAL YOUR ANTICIPATED LENGTH OF TRIAL.

 9        IKE DAVID SIMMONS.

10           MS. PEREIRA:  GOOD MORNING, YOUR HONOR.  DIANA

11   PEREIRA FOR MR. SIMMONS.  HE'S IN CUSTODY.  WE'RE READY TO

12   PROCEED WITH A PLEA TODAY.

13           THE COURT:  GUOTAO TAN.

14           MR. ROBERTS:  GOOD MORNING, YOUR HONOR.  SHE IS

15   PRESENT.  THAT MATTER IS FOR PLEA THIS MORNING.

16           THE COURT:  ANTWAN RAY HAWKINS.

17           MS. PEREIRA:  GOOD MORNING, YOUR HONOR.  DIANA

18   PEREIRA FOR MR. HAWKINS.  HE'S PRESENT AND READY TO

19   PROCEED BY A PLEA.

20           THE COURT:  IS THERE ANYONE ELSE PRESENT WHO HAS

21   BEEN CITED TO APPEAR HERE FOR ARRAIGNMENT AND TRIAL WHOSE

22   NAME I HAVE NOT YET CALLED?

23        IF NOT, FOR THE NEXT FEW MINUTES I'M GOING TO BE

24   ADDRESSING MY REMARKS TO THE THREE OF YOU WHO HAVE

25   INDICATED THROUGH COUNSEL THAT YOU ARE HERE TO ENTER A
```

1    PLEA OF GUILTY TO SOME OR ALL OF THE CHARGES.

2        WE HAVE AN INTERPRETER.  LET'S SWEAR THE INTERPRETER,

3    PLEASE.  I WANT THE DEFENDANT TO COME UP HERE AS WELL.

4        (WHEREUPON, THE CHINESE INTERPRETER WAS SWORN.)

5        **THE COURT:**  GOOD TO SEE YOU.

6        OKAY, AS I WAS BEGINNING TO SAY, FOR THE NEXT FEW

7    MINUTES I'M GOING TO BE ADDRESSING MY REMARKS TO THE THREE

8    OF YOU WHO HAVE INDICATED THROUGH COUNSEL THAT YOU ARE

9    HERE TO ENTER A PLEA OF GUILTY TO SOME OR ALL OF THE

10   CHARGES YOU FACE IN THIS COURT, NAMELY IKE DAVID SIMMONS,

11   GUOTAO TAN, AND ANTWAN RAY HAWKINS.

12       THE THINGS THAT I'M GOING TO BE SAYING FOR THE NEXT

13   FEW MINUTES INVOLVE RIGHTS THAT YOU HAVE UNDER THE

14   CONSTITUTION AND LAWS OF THE UNITED STATES, SOME OF WHICH

15   YOU WILL BE REQUIRED TO WAIVE OR GIVE UP BEFORE YOU WILL

16   BE ALLOWED TO ENTER A PLEA OF GUILTY.  IT'S VERY IMPORTANT

17   THAT YOU LISTEN CAREFULLY TO EVERYTHING I'M SAYING, NOT

18   ONLY BECAUSE OF THE FACT THAT IT DOES INVOLVE IMPORTANT

19   RIGHTS THAT YOU HAVE UNDER THE CONSTITUTION AND LAWS OF

20   THE UNITED STATES, BUT ALSO BECAUSE OF THE FACT THAT WHEN

21   I HAVE COMPLETED MY ADVICE OF RIGHTS TO YOU YOU WILL BE

22   BROUGHT UP TO COUNSEL TABLE INDIVIDUALLY, AT WHICH TIME

23   I'LL ASK YOU QUESTIONS.  THOSE QUESTIONS WILL BE BASED, IN

24   LARGE MEASURE, ON THE ADVICE THAT I'M GOING TO BE GIVING

25   YOU FOR THE NEXT FEW MINUTES.

**Joint Appendix 15**

1    THAT MAKES IT DOUBLY IMPORTANT THAT YOU LISTEN

2    CAREFULLY BECAUSE BEING UNDER OATH, IF YOU GIVE A FALSE OR

3    INCORRECT ANSWER YOU COULD SUBJECT YOURSELF TO THE

4    PENALTIES OF PERJURY AND, OF COURSE, YOU DON'T WANT THAT

5    TO HAPPEN AND NEITHER DO I.

6        WHEN YOU ARE BROUGHT UP TO COUNSEL TABLE TO BE

7    QUESTIONED BY ME, IF YOU DO NOT UNDERSTAND A QUESTION I

8    HAVE ASKED, IF YOU WILL SIMPLY ASK ME TO REPEAT IT, I'LL

9    BE GLAD TO DO SO.  OR IF YOU DESIRE TO CONSULT WITH YOUR

10   LAWYER BEFORE GIVING YOUR ANSWER IN OPEN COURT, I'LL GIVE

11   YOU AN OPPORTUNITY TO DO THAT.

12       I ADVISE EACH OF YOU THAT ON THE CHARGES YOU FACE

13   HERE TODAY, YOU ARE ENTITLED TO ENTER A PLEA OF NOT GUILTY

14   AND HAVE YOUR GUILT OR INNOCENCE DETERMINED BY A JURY OF

15   YOUR PEERS.  YOU ARE PRESUMED INNOCENT OF THOSE CHARGES.

16   THAT MEANS YOU DON'T HAVE TO PROVE ANYTHING, THE BURDEN IS

17   ON THE UNITED STATES GOVERNMENT TO PROVE YOUR GUILT BY

18   COMPETENT EVIDENCE AND BEYOND A REASONABLE DOUBT.  IN

19   ORDER TO DO THAT, THE GOVERNMENT MUST BRING WITNESSES INTO

20   THE COURTROOM WHO WILL TESTIFY BEFORE THE JURY IN YOUR

21   PRESENCE.  THIS IS KNOWN AS YOUR RIGHT OF CONFRONTATION,

22   YOUR RIGHT TO CONFRONT THOSE WHO ACCUSE YOU OF CRIMINAL

23   WRONGDOING.

24       YOU OR YOUR LAWYER, ACTING ON YOUR BEHALF, HAVE A

25   RIGHT TO OBJECT TO THE INTRODUCTION OF EVIDENCE BY THE

1   GOVERNMENT, TO CROSS-EXAMINE GOVERNMENT WITNESSES, TO

2   PRESENT EVIDENCE ON YOUR BEHALF, TO CALL WITNESSES TO

3   TESTIFY FOR YOU, AND TO THE COMPULSORY PROCESS OF LAW TO

4   BRING THOSE WITNESSES INTO THE COURTROOM.

5       YOU, OF COURSE, MAY ELECT TO TESTIFY ON YOUR OWN

6   BEHALF, OR NOT.  IF YOU DECIDE NOT TO TESTIFY, THAT FACT,

7   THAT IS THAT YOU DID NOT TESTIFY, CANNOT BE USED AGAINST

8   YOU IN ANY WAY WHATSOEVER.

9       NOW, BY PLEADING GUILTY YOU WAIVE THOSE RIGHTS THAT I

10  HAVE JUST OUTLINED.  THERE WILL NOT BE ANY JURY TRIAL,

11  THERE WILL NOT BE ANY EVIDENCE PRESENTED EXCEPT SUCH AS I

12  MAY REQUIRE TO SATISFY MYSELF OF YOUR GUILT.

13      YOU MUST ALSO WAIVE YOUR RIGHT AGAINST

14  SELF-INCRIMINATION BECAUSE BEFORE I WILL APPROVE YOUR PLEA

15  OF GUILTY I'LL ASK YOU SOME QUESTIONS CONCERNING THE VERY

16  OFFENSE TO WHICH YOU OFFER TO PLEAD GUILTY, AND YOU MUST

17  ANSWER THOSE QUESTIONS TRUTHFULLY AS WELL.

18      BY PLEADING GUILTY, YOU FORFEIT VALUABLE RIGHTS OF

19  CITIZENSHIP, INCLUDING THE RIGHT TO VOTE, THE RIGHT TO

20  HOLD PUBLIC OFFICE, THE RIGHT TO SERVE ON A JURY, OR THE

21  RIGHT TO OWN OR POSSESS ANY KIND OF FIREARM.  IF YOU ARE

22  NOT A CITIZEN OF THE UNITED STATES, YOU NEED TO UNDERSTAND

23  THAT A PLEA OF GUILTY TO ANY FELONY OFFENSE MAY RESULT IN

24  YOUR DEPORTATION OR OTHERWISE ADVERSELY AFFECT YOUR

25  IMMIGRATION STATUS.

**Joint Appendix 17**

```
 1        YOU MAY BE ORDERED TO MAKE RESTITUTION IN MONEY OR

 2   SERVICES TO THE VICTIM OF THE CRIME TO WHICH YOU PLEAD

 3   GUILTY, AND IN CERTAIN CASES YOU MAY BE REQUIRED TO

 4   FORFEIT PROPERTY TO THE UNITED STATES GOVERNMENT.

 5        I ADVISE YOU THAT ON EACH COUNT TO WHICH YOU PLEAD

 6   GUILTY THE COURT MUST IMPOSE A SPECIAL ASSESSMENT.  IF

 7   YOUR OFFENSE INVOLVED FRAUD, YOU MAY BE REQUIRED TO

 8   PROVIDE NOTICE OF YOUR CONVICTION TO THE VICTIMS OF YOUR

 9   OFFENSE.

10        WHEN YOU ARE SENTENCED, IF YOU ARE GIVEN A TERM OF

11   IMPRISONMENT YOU WILL LIKELY ALSO BE GIVEN A TERM OF

12   SUPERVISED RELEASE, WHICH WILL BE IN ADDITION TO THE TERM

13   OF IMPRISONMENT AND WILL BE ON CERTAIN CONDITIONS.  DURING

14   THAT PERIOD OF TIME, YOU WILL BE UNDER THE SUPERVISION OF

15   A UNITED STATES PROBATION OFFICER AND IF YOU VIOLATE ANY

16   OF THE TERMS OF YOUR CONDITIONAL RELEASE, YOU COULD BE

17   REQUIRED TO RETURN TO PRISON TO SERVE THE TERM OF THE

18   SUPERVISED RELEASE ITSELF.

19        NOW, IN DETERMINING WHAT AN APPROPRIATE SENTENCE IS,

20   THIS COURT HAS AN OBLIGATION TO CALCULATE THE APPLICABLE

21   ADVISORY SENTENCING GUIDELINE RANGE, TO CONSIDER THAT

22   RANGE AND POSSIBLE DEPARTURES THEREUNDER, AND OTHER

23   SENTENCING FACTORS THAT ARE SET OUT IN 18 U.S.C. SECTION

24   3553(A).  THE ADVISORY SENTENCING GUIDELINES ARE

25   ESTABLISHED BY THE UNITED STATES SENTENCING COMMISSION
```

**Joint Appendix 18**

1  UNDER MANDATE FROM CONGRESS AND THEY ESTABLISH MINIMUMS

2  AND MAXIMUMS FOR EVERY CRIME LISTED IN THE UNITED STATES

3  CRIMINAL CODE.

4       AS I'VE INDICATED, THE JUDGE, IN BEGINNING THE

5  CALCULATION FOR AN APPROPRIATE SENTENCE, MUST START WITH A

6  FIGURE WITHIN THAT RANGE UNLESS THE JUDGE FINDS THAT

7  THERE'S REASON FOR A DEPARTURE FROM THAT REQUIREMENT.

8  THOSE REASONS NUMBER THREE.  THE FIRST AND MORE FREQUENT

9  IS A MOTION FOR A DOWNWARD DEPARTURE BY THE UNITED STATES

10  ATTORNEY BASED ON THE SUBSTANTIAL ASSISTANCE OF THE

11  DEFENDANT IN PROVIDING INFORMATION TO THE GOVERNMENT.  THE

12  COURT MAY ALSO DEPART EITHER UPWARDLY OR DOWNWARDLY IF THE

13  COURT FINDS THAT THERE ARE FACTORS EXISTING WHICH WERE NOT

14  ADEQUATELY TAKEN INTO CONSIDERATION BY THE SENTENCING

15  COMMISSION IN ESTABLISHING THE GUIDELINE RANGE OR IF THE

16  COURT FINDS THAT THE DEFENDANT'S CRIMINAL HISTORY CATEGORY

17  DOES NOT ACCURATELY REFLECT THE DEFENDANT'S TRUE CRIMINAL

18  HISTORY.

19       NOW, I'M SURE YOUR LAWYER HAS CONFERRED WITH YOU AND

20  TOLD YOU WHERE HE OR SHE FINDS YOUR GUIDELINE RANGE WILL

21  PROBABLY FALL.  THAT'S A PART OF THE OBLIGATION THAT YOUR

22  ATTORNEY HAS IN PREPARING YOU FOR THIS HEARING TODAY, BUT

23  THE ADVICE OF YOUR LAWYER IS YOUR LAWYER'S BEST

24  PROFESSIONAL EFFORT AND THE NUMBERS THAT THE LAWYER HAS

25  FORECAST FOR YOU MAY VARY SOMEWHAT FROM THE FINAL NUMBERS

**Joint Appendix 19**

1  DETERMINED BY THE COURT ON THE DATE OF YOUR SENTENCING.

2  IF THAT HAPPENS, THEN YOU WILL NOT BE ALLOWED TO CHANGE

3  YOUR MIND AND PLEAD NOT GUILTY AND GO BACK AND BE TRIED BY

4  A JURY.  IN OTHER WORDS, IF YOUR PLEA IS APPROVED BY THE

5  COURT TODAY, YOU WILL BE BOUND BY IT IN SPITE OF ANY

6  VARIANCE THAT MAY HAVE OCCURRED FROM WHAT YOUR LAWYER

7  FORECAST AND WHAT THE JUDGE DETERMINED THE ACTUAL

8  GUIDELINE RANGE WAS TO BE.

9      EVEN THE COURT WILL NOT BE ABLE TO DETERMINE YOUR

10  GUIDELINE RANGE UNTIL THE PRESENTENCE REPORT HAS BEEN

11  PREPARED AND THE GOVERNMENT AND YOU HAVE HAD AN

12  OPPORTUNITY TO CHALLENGE THE FACTS THAT ARE SET OUT IN THE

13  REPORT.  THAT PRESENTENCE REPORT WILL BE PREPARED SOMETIME

14  BETWEEN NOW AND THE SENTENCING DATE AND YOU WILL BE ASKED

15  TO PROVIDE INFORMATION TO GO INTO THAT REPORT.  IF YOU

16  DESIRE, YOU MAY HAVE YOUR LAWYER PRESENT WITH YOU AT THE

17  TIME OF YOUR INTERVIEW.

18      AT THE TIME OF SENTENCING, BOTH YOU AND YOUR ATTORNEY

19  WILL HAVE A RIGHT TO SPEAK TO THE COURT IN MITIGATION OF

20  THE SENTENCE THAT YOU ARE TO RECEIVE.  I ADVISE YOU THAT

21  PAROLE HAS BEEN ABOLISHED, SO YOU WILL NOT BE RELEASED

22  EARLY ON PAROLE BUT WILL SERVE THE SENTENCE ACTUALLY

23  IMPOSED BY THE COURT LESS ANY POSSIBLE GOOD TIME CREDITS.

24  GOOD TIME CREDITS ARE GIVEN SOLELY BY AND IN THE

25  DISCRETION OF THE UNITED STATES SENTENCING COMMISSION.

1      IF YOUR PLEA IS ACCEPTED TODAY, A SENTENCING DATE

2   WILL BE ESTABLISHED, PROBABLY SEPTEMBER 8TH, AND ON THAT

3   DATE WHEN YOU ARE SENTENCED, THAT STARTS THE RUNNING OF

4   THE TIME FOR THE APPEALS PROCESS.  YOU CAN APPEAL YOUR

5   CONVICTION IF YOU BELIEVE THAT YOUR GUILTY PLEA WAS

6   SOMEHOW UNLAWFUL OR INVOLUNTARY OR IF THERE'S SOME OTHER

7   FUNDAMENTAL DEFECT IN THE PROCEEDING THAT WAS NOT WAIVED

8   BY YOUR GUILTY PLEA.  YOU ALSO HAVE A STATUTORY RIGHT TO

9   APPEAL YOUR SENTENCE UNDER CERTAIN CIRCUMSTANCES,

10  PARTICULARLY IF YOU THINK THE SENTENCE IS CONTRARY TO LAW.

11      HOWEVER, A DEFENDANT MAY WAIVE THOSE RIGHTS AS PART

12  OF A PLEA AGREEMENT AND THOSE WAIVERS ARE GENERALLY

13  ENFORCEABLE.  IF YOU BELIEVE THAT THE WAIVER IS

14  UNENFORCEABLE THEN, OF COURSE, YOU CAN PRESENT THAT THEORY

15  TO THE APPELLATE COURT.  WITH FEW EXCEPTIONS, ANY NOTICE

16  OF APPEAL MUST BE FILED WITHIN 14 DAYS OF JUDGMENT BEING

17  ENTERED IN YOUR CASE.  IF YOU ARE UNABLE TO PAY THE COST

18  OF AN APPEAL, YOU MAY APPLY FOR LEAVE TO APPEAL IN FORMA

19  PAUPERIS, AND AT YOUR REQUEST THE CLERK OF COURT WILL

20  PREPARE AND FILE A NOTICE OF APPEAL ON YOUR BEHALF.

21      ALL RIGHT, IKE DAVID SIMMONS.  LET THE DEFENDANT BE

22  SWORN.

23  **IKE DAVID SIMMONS**, BEING FIRST DULY SWORN, TESTIFIED AS

24  FOLLOWS DURING **EXAMINATION**:

25  **BY THE COURT:**

1    Q    MR. SIMMONS, HOW OLD ARE YOU?

2    A    THIRTY-EIGHT.

3    Q    HOW MUCH FORMAL EDUCATION DO YOU HAVE?

4    A    I HAVE A GENERAL EDUCATION EQUIVALENCY.

5    Q    PRIOR TO YOUR ARREST IN THIS CASE, WERE YOU EMPLOYED?

6    A    YES, YOUR HONOR.

7    Q    WHAT WERE YOU DOING?

8    A    I WAS WORKING FOR J.A. CROSON, A PLUMBING COMPANY.

9    Q    ARE YOU AN AMERICAN CITIZEN?

10    A    YES, YOUR HONOR.

11    Q    ARE YOU NOW OR HAVE YOU RECENTLY BEEN UNDER THE CARE

12    OF ANY DOCTOR OR PSYCHIATRIST?

13    A    NO, YOUR HONOR.

14    Q    HAVE YOU EVER BEEN HOSPITALIZED OR TREATED FOR

15    NARCOTICS ADDICTION?

16    A    NO, YOUR HONOR.

17    Q    DURING THE LAST 24 HOURS, HAVE YOU HAD ANY KIND OF

18    DRUGS, MEDICINES, PILLS OR ALCOHOLIC BEVERAGES OF ANY

19    KIND?

20    A    NO, YOUR HONOR.

21    Q    MS. PEREIRA, WHO STANDS WITH YOU, IS YOUR LAWYER IN

22    THIS CASE; IS THAT CORRECT?

23    A    YES, YOUR HONOR.

24    Q    HAVE YOU RECEIVED A COPY OF THE BILL OF INDICTMENT IN

25    THE CASE?

1   **A**    YES, YOUR HONOR.

2   **Q**    HAVE YOU HAD TIME TO READ IT AND GO OVER IT WITH YOUR

3   LAWYER?

4   **A**    YES, YOUR HONOR.

5   **Q**    AS A MATTER OF FACT, I BELIEVE MS. BEMBRY IS YOUR

6   APPOINTED COUNSEL; IS THAT CORRECT?

7   **A**    YES, YOUR HONOR.

8   **Q**    INASMUCH AS MS. PEREIRA AND MISS BEMBRY ARE MEMBERS

9   OF THE SAME LAW PRACTICE, DO YOU CONSENT TO MS. PEREIRA

10  STANDING IN WITH YOU DURING THIS HEARING TODAY?

11  **A**    YES, YOUR HONOR.

12  **Q**    DID YOU HAVE PLENTY OF TIME TO GO OVER THE INDICTMENT

13  WITH MS. BEMBRY?

14  **A**    YES, YOUR HONOR.

15  **Q**    DO YOU FEEL AS IF YOU FULLY UNDERSTAND EXACTLY WHAT

16  YOU ARE CHARGED WITH?

17  **A**    YES, YOUR HONOR.

18  **Q**    DO YOU SEE ANY NEED FOR ME TO EXPLAIN THE CHARGES TO

19  YOU ANY FURTHER?

20  **A**    NO, YOUR HONOR.

21  **Q**    HOW DO YOU PLEAD TO THOSE CHARGES?

22  **A**    GUILTY, YOUR HONOR.

23       **THE COURT:**  MS. PEREIRA, HAVE YOU HAD ANY

24  DIFFICULTY COMMUNICATING WITH YOUR CLIENT?

25       **MS. PEREIRA:**  NO, YOUR HONOR.

**Joint Appendix 23**

1       **THE COURT:**  AND IN CONVERSATIONS WITH MS.

2   BEMBRY, DID YOU MAKE THE SAME DETERMINATION AS TO HER

3   ABILITIES?

4       **MS. PEREIRA:**  SHE HAD NO PROBLEMS, YOUR HONOR.

5       **THE COURT:**  DO YOU HAVE ANY REASON TO DOUBT HIS

6   COMPETENCE TO ENTER A PLEA?

7       **MS. PEREIRA:**  NO, YOUR HONOR.

8       **THE COURT:**  MR. ONTJES?

9       **MR. ONTJES:**  NO, YOUR HONOR.

10      **THE COURT:**  LET THE RECORD REFLECT THAT THE

11  COURT FINDS AS A FACT THAT THE DEFENDANT IS COMPETENT TO

12  PLEAD.

13  **BY THE COURT:**

14  **Q**    MR. SIMMONS, HAVE YOU HAD PLENTY OF TIME AND

15  OPPORTUNITY TO DISCUSS THIS CASE WITH MS. BEMBRY, YOUR

16  LAWYER?

17  **A**    YES, YOUR HONOR.

18  **Q**    AND MS. PEREIRA?

19  **A**    YES, YOUR HONOR.

20  **Q**    ARE YOU SATISFIED WITH THE SERVICES THAT THEY HAVE

21  RENDERED TO YOU AS YOUR LAWYER?

22  **A**    I AM, YOUR HONOR.

23  **Q**    DID YOU HEAR MY EXPLANATION A MOMENT AGO OF THE

24  RIGHTS THAT YOU HAVE UNDER THE CONSTITUTION AND LAWS OF

25  THE UNITED STATES ON THE CHARGES YOU ARE FACING HERE?

1   **A**    YES, YOUR HONOR.

2   **Q**    DID YOU FULLY UNDERSTAND WHAT I HAD TO SAY?

3   **A**    YES, SIR.

4   **Q**    DO YOU NOW HAVE ANY QUESTIONS YOU'D LIKE TO ASK ME

5   ABOUT WHAT I TOLD YOU?

6   **A**    NO, YOUR HONOR.

7   **Q**    KNOWING THAT YOU MUST WAIVE OR GIVE UP MANY OF THOSE

8   RIGHTS BEFORE YOU WILL BE ALLOWED TO ENTER THIS PLEA OF

9   GUILTY, ARE YOU ABSOLUTELY SURE THIS IS WHAT YOU WANT TO

10  DO?

11  **A**    YES, YOUR HONOR.

12  **Q**    DID YOU ALSO HEAR AND UNDERSTAND WHAT I HAD TO SAY

13  ABOUT THE SENTENCING GUIDELINES?

14  **A**    YES, YOUR HONOR.

15  **Q**    I TAKE IT THAT MS. BEMBRY, IN PREPARING FOR THIS

16  HEARING TODAY, TOLD YOU WHERE SHE HAD CALCULATED YOUR

17  GUIDELINE RANGE WOULD PROBABLY FALL.  SHE DID THAT, DIDN'T

18  SHE?

19  **A**    SHE DID, YOUR HONOR.

20  **Q**    YOU UNDERSTAND THAT SHE WAS EXERCISING HER BEST

21  PROFESSIONAL JUDGMENT IN DOING THAT?

22  **A**    YES, YOUR HONOR.

23  **Q**    AND IF THE NUMBERS SHE HAS FORECAST HAPPEN TO DIFFER

24  FROM THOSE DETERMINED BY THE COURT, YOU WILL STILL BE

25  BOUND BY THE ENTRY OF YOUR PLEA TODAY IF IT IS IN FACT

1   APPROVED TODAY; DO YOU UNDERSTAND THAT?

2   **A**    YES, YOUR HONOR.

3   **Q**    DO YOU HAVE ANY QUESTIONS YOU'D LIKE TO ASK ME ABOUT

4   THE SENTENCING GUIDELINES?

5   **A**    NO, YOUR HONOR.

6   **Q**    HAS ANYBODY THREATENED YOU OR IN ANY WAY FORCED YOU

7   TO COME INTO COURT TODAY TO OFFER TO ENTER THIS PLEA?

8   **A**    NO, YOUR HONOR.

9   **Q**    I HAVE BEEN HANDED THIS TYPEWRITTEN DOCUMENT ENTITLED

10  MEMORANDUM OF PLEA AGREEMENT, CONSISTING OF SEVEN PAGES,

11  ON THE LAST OF WHICH APPEARS THE SIGNATURES OF MR. ONTJES,

12  THE GOVERNMENT LAWYER, MS. BEMBRY, YOUR LAWYER.  IT ALSO

13  APPEARS THAT YOU HAVE SIGNED IT IKE SIMMONS, ON THE LINE

14  ABOVE WHERE YOUR NAME IS TYPED IKE DAVID SIMMONS.  IS THAT

15  YOUR SIGNATURE?

16  **A**    YES, YOUR HONOR, IT IS.

17  **Q**    BEFORE YOU SIGNED THIS DOCUMENT, DID YOU READ IT?

18  **A**    YES, YOUR HONOR, I DID.

19  **Q**    DID YOU GO OVER IT WITH YOUR LAWYER?

20  **A**    YES, YOUR HONOR.

21  **Q**    I TAKE IT YOU FEEL THEN AS IF YOU UNDERSTAND ITS

22  CONTENTS?

23  **A**    YES, YOUR HONOR.

24  **Q**    I WANT YOU TO LISTEN CAREFULLY NOW AS I SUMMARIZE THE

25  CONTENTS OF THIS DOCUMENT AS I UNDERSTAND IT.  I'M NOT

1  GOING TO READ IT IN ITS ENTIRETY.  IF I LEAVE OUT ANYTHING

2  THAT YOU CONSIDER TO BE OF PARTICULAR IMPORTANCE OR IF I

3  MISSTATE SOMETHING OR IF I STATE SOMETHING DIFFERENTLY

4  FROM YOUR UNDERSTANDING, WHEN I GET THROUGH I WANT YOU TO

5  BRING THAT TO MY ATTENTION AND LET'S DISCUSS IT, OKAY?

6  **A**    YES, YOUR HONOR.

7  **Q**    MY UNDERSTANDING IS THAT YOU HAVE AGREED TO PLEAD

8  GUILTY TO COUNT ONE OF THE CRIMINAL INDICTMENT THAT HAS

9  BEEN FILED IN THIS CASE, WHICH CHARGES YOU WITH

10 MANUFACTURING CHILD PORNOGRAPHY, ON WHICH YOU FACE MAXIMUM

11 PENALTIES OF 30 YEARS IMPRISONMENT WITH A MINIMUM OF 15

12 YEARS.  I EMPHASIZE TO YOU, SIR, THAT THAT MINIMUM OF 15

13 YEARS IS A CONGRESSIONALLY-MANDATED MINIMUM SENTENCE; FIVE

14 YEARS TO LIFE OF SUPERVISED RELEASE; UP TO LIFE UPON

15 REVOCATION OF SUPERVISED RELEASE.

16      IF IT IS DETERMINED THAT YOU HAVE TWO PRIOR

17 CONVICTIONS UNDER THE LISTED TITLES OF THE UNITED STATES

18 CODE OR UNDER THE LAWS OF ANY STATE RELATING TO AGGRAVATED

19 SEXUAL ABUSE, ABUSE OF SEXUAL CONTACT INVOLVING A MINOR OR

20 WARD OF CHILDREN, OR THE PRODUCTION, TRANSPORTATION,

21 RECEIPT, MAILING OF CHILD PORNOGRAPHY, THEN THE MAXIMUM

22 SENTENCES WOULD BE AS FOLLOWS:  THE MAXIMUM TERM OF

23 IMPRISONMENT WOULD BE LIFE; THE MINIMUM TERM WOULD BE 35

24 YEARS, AND THAT AGAIN IS A CONGRESSIONALLY-MANDATED

25 MINIMUM SENTENCE; SUPERVISED RELEASE OF FIVE YEARS TO

1  LIFE; UPON REVOCATION OF SUPERVISED RELEASE, UP TO LIFE; A

2  FINE OF $250,000; RESTITUTION AND A $100 SPECIAL

3  ASSESSMENT.

4      YOU HAVE WAIVED YOUR RIGHT TO APPEAL YOUR CONVICTION

5  AND SENTENCE UPON ANY GROUND, RESERVING ONLY THE RIGHT TO

6  APPEAL FROM A SENTENCE IN EXCESS OF THE ADVISORY GUIDELINE

7  RANGE ESTABLISHED AT SENTENCING.  YOU WAIVED YOUR RIGHT TO

8  CONTEST YOUR CONVICTION OR SENTENCE IN ANY POST-CONVICTION

9  PROCEEDING.

10     YOU HAVE PRESERVED YOUR RIGHT TO PRESENT, BY WAY OF

11 MOTION OR APPEAL, ANY CONTENTION YOU MAY HAVE REGARDING

12 PROSECUTORIAL MISCONDUCT OR INEFFECTIVE ASSISTANCE OF

13 COUNSEL WHICH YOU MAY NOT HAVE KNOWN ABOUT AT THE TIME OF

14 THE ENTRY OF YOUR PLEA.

15     YOU'VE AGREED TO ASSIST THE GOVERNMENT IN THE

16 RECOVERY OF ILLEGALLY OBTAINED ASSETS AND VOLUNTARILY

17 FORFEIT ANY THAT YOU YOURSELF HAVE RECEIVED.

18 SPECIFICALLY, YOU HAVE AGREED TO VOLUNTARILY FORFEIT AND

19 RELINQUISH TO THE GOVERNMENT THE PROPERTY SPECIFIED IN THE

20 INDICTMENT ITSELF.  YOU HAVE AGREED TO SIGN ANY DOCUMENTS

21 NECESSARY TO EFFECTUATE THE FORFEITURE AND WAIVER OF

22 FURTHER NOTICE.

23     YOU FURTHER HAVE BEEN ADVISED AND UNDERSTAND THAT

24 UNDER THE SEX OFFENDER REGISTRATION NOTIFICATION ACT YOU

25 MUST REGISTER AND KEEP REGISTRATION CURRENT IN THE

17

1   JURISDICTIONS THAT ARE SET OUT IN THIS MEMORANDUM OF PLEA

2   AGREEMENT.

3       THE GOVERNMENT HAS AGREED, IF I APPROVE THIS, TO

4   DISMISS COUNTS TWO THROUGH 11, TO NOT FURTHER PROSECUTE

5   YOU FOR CONDUCT GIVING RISE TO THE INDICTMENT.  HOWEVER,

6   THIS OBLIGATION IS LIMITED SOLELY TO THE U. S. ATTORNEY

7   FOR THE EASTERN DISTRICT OF NORTH CAROLINA AND DOES NOT

8   BIND ANY OTHER STATE OR FEDERAL PROSECUTING ENTITY.

9       THE GOVERNMENT HAS AGREED TO MAKE KNOWN TO THE COURT

10  AT SENTENCING THE FULL EXTENT OF YOUR COOPERATION, THOUGH

11  THE GOVERNMENT IS NOT PROMISING TO MOVE FOR A DEPARTURE.

12      THE GOVERNMENT HAS AGREED THAT SELF-INCRIMINATING

13  INFORMATION PROVIDED BY YOU PURSUANT TO THE AGREEMENT WILL

14  NOT BE USED AGAINST YOU IN DETERMINING YOUR GUIDELINE

15  RANGE, EXCEPT AS SPECIFICALLY ALLOWED BY THE GUIDELINES

16  THEMSELVES, NOR USE ANY OF THAT INFORMATION TO PROSECUTE

17  YOU FOR ADDITIONAL CRIMES, OTHER THAN CRIMES OF VIOLENCE,

18  NOR SHARE ANY OF THAT INFORMATION WITH ANY OTHER STATE OR

19  FEDERAL PROSECUTING ENTITY, EXCEPT UPON THEIR AGREEMENT TO

20  BE BOUND BY THE TERMS OF THIS AGREEMENT.  THE GOVERNMENT

21  HAS, HOWEVER, RESERVED THE RIGHT TO MAKE A SENTENCING

22  RECOMMENDATION AND TO PRESENT EVIDENCE AND INFORMATION IN

23  ARGUMENT OR REBUTTAL TO ANYTHING YOU OR YOUR LAWYER MAY

24  SAY AT THE TIME OF SENTENCING.

25      HAVE I FAIRLY AND ACCURATELY STATED THE TERMS AND

1  CONDITIONS OF THIS AGREEMENT AS YOU UNDERSTAND IT?

2  **A**    YES, YOUR HONOR.

3  **Q**    HAS ANYONE TOLD YOU ANYTHING AT ALL TO GET YOU TO

4  SIGN THIS AGREEMENT, OTHER THAN WHAT APPEARS ON THE PAGES

5  OF THE AGREEMENT ITSELF?

6  **A**    NO, YOUR HONOR.

7  **Q**    HAVE YOU ANSWERED ALL OF MY QUESTIONS TRUTHFULLY, MR.

8  SIMMONS?

9  **A**    YES, YOUR HONOR.

10  **Q**    MR. SIMMONS, DID YOU, AS CHARGED IN COUNT ONE OF THIS

11  INDICTMENT, ON OR ABOUT JULY 2013, IN THIS DISTRICT,

12  ATTEMPT TO AND DID EMPLOY, USE, PERSUADE, INDUCE, ENTICE,

13  AND COERCE A MINOR, WHOSE IDENTITY IS KNOWN TO THE GRAND

14  JURY, TO ENGAGE IN SEXUALLY EXPLICIT CONDUCT FOR THE

15  PURPOSE OF PRODUCING VISUAL DEPICTIONS OF SUCH CONDUCT

16  INVOLVING ANAL PENETRATION, AND THESE VISUAL DEPICTIONS

17  WERE PRODUCED USING MATERIALS THAT HAD BEEN MAILED,

18  SHIPPED AND TRANSPORTED IN INTERSTATE COMMERCE?

19  **A**    YES, YOUR HONOR.

20          **THE COURT:**  YOU MAY HAVE A SEAT.

21      THE COURT IS SATISFIED AND FINDS THAT THE PLEA WAS

22  FREELY AND VOLUNTARILY ENTERED.  AT THE TIME IT WAS

23  ENTERED, THE DEFENDANT HAD A FULL AND COMPLETE

24  UNDERSTANDING OF THE NATURE OF THE CHARGES AND THE MAXIMUM

25  PENALTIES PROVIDE BY LAW, AND THAT A FACTUAL BASIS EXISTS

1   FOR THE PLEA.  THE AGREEMENT IS THEREFORE APPROVED AND THE

2   CLERK IS DIRECTED TO ENTER JUDGMENT OF GUILTY AS TO COUNT

3   ONE OF THE INDICTMENT.

4        SENTENCING WILL BE IN RALEIGH ON SEPTEMBER 8 OF THIS

5   YEAR.  THE DEFENDANT IS REMANDED TO THE CUSTODY OF THE

6   UNITED STATES MARSHAL.

7           **MR. ONTJES:**  JUDGE BRITT, IF I MAY, YOUR HONOR,

8   I WOULD JUST LIKE TO MAKE THE COURT AWARE THE VICTIMS IN

9   THIS CASE ARE PRESENT HERE TODAY.  THANK YOU.

10          **THE COURT:**  THANK YOU.  I ASSUME YOU WILL HAVE

11  QUITE A FEW VICTIMS PRESENT, IF YOU DESIRE, ON THE DATE OF

12  SENTENCING.

13          **MR. ONTJES:**  YES, YOUR HONOR.  THANK YOU.

14

15

16

17

18

19

20

21

22

23                        END OF TRANSCRIPT

24

25

**Joint Appendix 31**

```
1                        CERTIFICATE

2        THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF

3   PROCEEDINGS TAKEN AT THE CRIMINAL SESSION OF UNITED STATES

4   DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE

5   PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND

6   TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

7        THIS THE 13TH DAY OF JANUARY, 2015.

8

9                        /S/ DONNA J. TOMAWSKI

10                       DONNA J. TOMAWSKI
                         OFFICIAL COURT REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Joint Appendix 32**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**FILED IN OPEN COURT**
ON 6-2-14 KM
**Julie A. Richards, Clerk**
**US District Court**
**Eastern District of NC**

NO. 5:14-CR-7-BR

UNITED STATES OF AMERICA          :
                                  :
          v.                      :    MEMORANDUM OF PLEA AGREEMENT
                                  :
IKE DAVID SIMMONS                 :

The United States of America ("Government"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's attorney, Cindy Bembry, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1.    This Memorandum constitutes the full and complete record of the plea agreement.  There are no other terms of this agreement in addition to or different from the terms herein.

2.    The Defendant agrees:
      a.    To plead guilty to Count One of the Criminal Indictment filed herein.

      b.    To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §3663 and 3663A.  Said restitution shall be due and payable immediately.

      c.    To waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel and prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.  The foregoing appeal waiver does not constitute or

**Joint Appendix 33**

trigger a waiver by the Government of any of its rights to appeal provided by law.

d. To knowingly and expressly waive any and all rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the-evidence standard.

e. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to this investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and Privacy Act of 1974.

f. To assist the Government in the recovery, return to the United States, seizure, and forfeiture of any drug-related assets domestic or foreign, which have been acquired directly or indirectly through unlawful activities, and to forfeit voluntarily to the United States all such assets in which the Defendant has any interest or control, either indirect or direct. Specifically, the defendant agrees to voluntarily forfeit and relinquish to the government the property specified in the indictment. The defendant further agrees to sign any documents necessary to effectuate the forfeiture and waiver any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the indictment. The Court has jurisdiction over the disposition of such items and may order the

investigative agency to dispose of the items in such manner as provided by the agency's regulations.

g.  To pay a special assessment of $100.00, pursuant to the provisions of 18 U.S.C. §3013. If the assessment is not paid by the time of sentencing, the defendant agrees (1) that the assessment is payable in full immediately, and (2) to participate in the Inmate Financial Responsibility Program while incarcerated.

h.  To complete and submit, if requested, a financial statement under oath provided by the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

3.  The Defendant understands:
a.  That as to Count One of the Criminal Indictment to which the Defendant is pleading guilty, the charge, code section, elements and applicable penalties are as follows:

COUNT ONE –
(1)  Manufacturing Child Pornography

(2)  Date of the offense: July, 2013.

(3)  Code:  18 U.S.C. §§ 2251(a) and (d)

(4)  Elements:

First:    The Defendant attempted to and did employ, use, persuade, induce, entice, and coerce;

Second:   a minor child;

Third:    to engage in sexually explicit conduct;

Fourth:   for the purpose of producing visual depictions of such conduct; and

Fifth:    the visual depictions were produced using materials that had been mailed, shipped,

3

and transported in interstate and foreign commerce.

(5)  Maximum term of imprisonment: 30 years.

(6)  Minimum term of imprisonment: 15 years

(7)  Maximum term of supervised release: minimum 5 years up to life

(8)  Maximum term of imprisonment upon revocation of supervised release: up to life

\*  If the defendant has TWO prior convictions under Chapter 110, sect 71, chapter 109A, or chapter 117 under Title 18, United States Code, 920 of Title 10 or under the laws of any State relating to aggrava sexual abuse, abusive sexual contact involving a minor or ward, o of children, or the production, possession, receipt, mailing, sal shipment or transportation of child pornography, then the applic lieu of (4) through (7) above are as follows:

\*  (5)  Maximum term of imprisonment: Life years

\*  (6)  Minimum term of imprisonment: 35 years

\*  (7)  Maximum term of supervised release: minimum 5 years up to life

\*  (8)  Maximum term of imprisonment upon revocation of supervised release: up to life

(9)  Maximum fine: $250,000

(10)  Restitution pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A, and as agreed in paragraph 2(b) above.

(11) Special assessment: $100

b.  That sentencing will be without parole.

c.  That the Court is not bound by any sentence recommendation or agreement as to Guideline application, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is a prediction, not a promise, and that even if a sentence up to the

4

statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d.    That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

e.    The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

f.    That pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the Defendant is pleading guilty, and some offenses create a presumption of mandatory removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney and the Court, can predict with certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that Defendant wants to plead guilty, regardless of any immigration consequences that may result from this conviction, including the Defendant's automatic removal from the United States, denial of citizenship, and denial of admission to the United States in the future.

5

4.    The Government agrees:

    a.    That it reserves the right to make a sentence recommendation.

    b.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at sentencing it will dismiss Counts Two thru Eleven at the time of sentencing.

    c.    That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal, to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

    d.    That, pursuant to Fed. R. Crim. P. 11(c)(1)(A), the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

    e.    That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, but the Government is not promising to move for departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Fed. P. 35.

    f.    Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this Agreement. The Government may provide to the United States Probation Office any evidence concerning relevant conduct.

    g.    That the USA-EDNC agrees not to use any information provided by Defendant pursuant to this agreement to prosecute him for additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities

6

**Joint Appendix 38**

except upon their agreement to be bound by the terms of this Agreement.

5.    The parties agree to the following positions as to sentencing factors, which are not binding on the Court; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

a.    A downward adjustment of 3 levels for acceptance of responsibility is warranted under United States Sentencing Guidelines Section 3E1.1.

This the **22** day of ____May____, 2014.


THOMAS G. WALKER
United States Attorney                   _____
                                         IKE DAVID SIMMONS
                                         Defendant


BY: _____             _____
ETHAN A. ONTJES                          CINDY BEMBRY
Assistant United States Attorney         Attorney for Defendant
Criminal Division


APPROVED, this __1__ day of ____June____, 2014.

_____
W.EARL BRITT
SENIOR UNITED STATES DISTRICT JUDGE


7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION


UNITED STATES OF AMERICA,           )
                                    )
            V.                      )    5:14-CR-7-1-BR
                                    )
IKE DAVID SIMMONS,                  )
                                    )
            DEFENDANT.              )
_____       )


SENTENCING HEARING
NOVEMBER 3, 2014
BEFORE THE HONORABLE W. EARL BRITT
SENIOR U.S. DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:

MR. ETHAN ONTJES
ASST. U.S. ATTORNEY
310 NEW BERN AVE.
RALEIGH, NC


FOR THE DEFENDANT:

MS. CINDY J. BEMBRY
ASST. FEDERAL PUBLIC DEFENDER
P.O. BOX 25967
RALEIGH, NC




COURT REPORTER:  DONNA J. TOMAWSKI
STENOTYPE WITH COMPUTER AIDED TRANSCRIPTION

```
 1                      NOVEMBER 3, 2014

 2           THE COURT:  THE NEXT MATTER WILL BE IKE SIMMONS.

 3           MR. ONTJES:  YOUR HONOR, I'M HANDING UP A

 4    CONSENT DECREE FOR EVIDENCE SEIZED IN THIS CASE.  IT'S

 5    BEEN SIGNED BY THE PARTIES, YOUR HONOR.

 6           THE COURT:  MS. BEMBRY, HAVE YOU AND YOUR CLIENT

 7    RECEIVED AND HAD AN OPPORTUNITY TO READ AND REVIEW THE

 8    PRESENTENCE REPORT?

 9           MS. BEMBRY:  YES, YOUR HONOR.

10           THE COURT:  AND ACCORDING TO THE ADDENDUM YOU

11    HAVE FOUR OBJECTIONS; IS THAT CORRECT?

12           MS. BEMBRY:  THAT IS CORRECT, YOUR HONOR.  WITH

13    THE EXCEPTION OF PARAGRAPH 29, WE DON'T NEED TO BE HEARD

14    ON THE OTHER OBJECTIONS.

15           THE COURT:  ALL RIGHT.  LET YOUR CLIENT BE

16    SWORN.

17       (WHEREUPON, THE DEFENDANT WAS SWORN.)

18           THE COURT:  MR. SIMMONS, YOU HEARD YOUR LAWYER

19    TELL ME THAT YOU AND SHE HAD RECEIVED AND HAD AN

20    OPPORTUNITY TO READ AND REVIEW THIS PRESENTENCE REPORT; IS

21    THAT CORRECT?

22           THE DEFENDANT:  YES, YOUR HONOR.

23           THE COURT:  YOU MAY HAVE A SEAT.

24       ALL RIGHT.  THE COURT NOTES THAT THE DEFENDANT RAISED

25    FOUR OBJECTIONS TO THE PRESENTENCE REPORT AND COUNSEL HAS
```

**Joint Appendix 41**

1   ADVISED THE COURT THAT SHE ONLY WISHES TO BE HEARD ON ONE

2   OF THOSE OBJECTIONS.  THEREFORE, OBJECTIONS ONE, TWO AND

3   THREE ARE OVERRULED.

4        THE COURT ALSO NOTES THAT, AS POINTED OUT BY THE

5   PROBATION OFFICE, THE RULING ON THOSE OBJECTIONS HAS NO

6   IMPACT ON THE ADVISORY GUIDELINE RANGE.

7        MS. BEMBRY, IN PARAGRAPH 29, THE DEFENDANT OBJECTS TO

8   THE INCLUSION OF MENTAL HEALTH RECORDS INCLUDED IN THE

9   PRESENTENCE REPORT, AS THIS INFORMATION WILL LIKELY BE

10  CONSIDERED IN SCREENING FOR CERTIFICATION UNDER THE ADAM

11  WALSH ACT.

12       I'LL BE GLAD TO HEAR YOU ANY FURTHER, IF YOU DESIRE

13  TO BE HEARD FURTHER.

14       **MS. BEMBRY:**  THANK YOU, YOUR HONOR.  THE

15  GUIDELINE RANGE IN THIS MATTER SUGGESTS A PRETTY LENGTHY

16  SENTENCE, AND TO HAVE TO DEAL WITH OR ENCOMPASS A CIVIL

17  COMMITMENT HEARING AFTER SUCH A SENTENCE WOULD NOT ONLY BE

18  NONSENSICAL, IT WOULD CERTAINLY BE A BURDEN ON THE

19  TAXPAYERS AT THAT TIME.  AS MR. SIMMONS WILL BE WELL PAST

20  THE AGE WHERE RECIDIVISM OF ANY KIND OF OFFENSE WOULD BE

21  AN ISSUE, IT JUST DOESN'T MAKE SENSE TO KEEP THIS

22  PARTICULAR INFORMATION IN THE PSR.

23       I DO NOTE THE PROBATION OFFICER'S OBJECTION AS TO IT

24  IS AN INVESTIGATORY MEASURE FOR A COURT.  HOWEVER, IF THE

25  COURT IS NOT WILLING TO STRIKE THE MATERIALS, WE CERTAINLY

1    ASK THE COURT TO REDACT THE PARAGRAPH.

2          **THE COURT:** YOU WANT TO BE HEARD, MR. ONTJES?

3          **MR. ONTJES:** WELL, JUST BRIEFLY, YOUR HONOR.

4       I BELIEVE PROBATION HAS GOT IT EXACTLY RIGHT UNDER 18

5    U.S.C. 3661, USE OF INFORMATION FOR SENTENCING, AND I

6    QUOTE:  NO LIMITATION SHALL BE PLACED ON THE INFORMATION

7    CONCERNING THE BACKGROUND, CHARACTER AND CONDUCT OF A

8    PERSON CONVICTED OF OFFENSE WHICH A COURT OF THE UNITED

9    STATES MAY RECEIVE AND CONSIDER FOR THE PURPOSE OF

10   IMPOSING AN APPROPRIATE SENTENCE.

11      WE BELIEVE THE RECORDS HAVE BEEN APPROPRIATELY

12   INCLUDED, SHOULD BE INCLUDED WITHOUT LIMITATION OR

13   RESTRICTION.  IF COUNSEL IS CONCERNED THAT DOWN THE ROAD

14   AT A CIVIL HEARING, I WOULD ASSUME THAT THEY WOULD WANT

15   THE TRIER OF FACT OF THAT HEARING TO HAVE ALL THE

16   INFORMATION BEFORE THEM TO MAKE OBVIOUSLY A WELL-INFORMED

17   DECISION.  SO, AGAIN, I THINK PROBATION'S RESPONSE IS

18   CORRECT, THERE ARE NO LIMITATIONS TO THIS TYPE OF

19   INFORMATION, THEREFORE I DON'T BELIEVE IT'S NECESSARY.

20         **THE COURT:** THE OBJECTION IS OVERRULED.  THE

21   COURT AGAIN NOTES THAT IT HAS NO IMPACT ON THE ADVISORY

22   GUIDELINE RANGE.

23      THE COURT ADOPTS THE FACTUAL FINDINGS AND GUIDELINE

24   APPLICATION IN THE PRESENTENCE REPORT AND DETERMINES THAT

25   THE TOTAL OFFENSE LEVEL IS 41, THE CRIMINAL HISTORY

1  CATEGORY IS V.  THE CUSTODY RANGE IS 360 TO 600 MONTHS.

2  THE SUPERVISED RELEASE IS FIVE YEARS TO LIFE.  THE FINE

3  RANGE IS 25,000 TO 250,000.  RESTITUTION IS NOT AN ISSUE.

4  THERE'S A $100 SPECIAL ASSESSMENT.

5      ALL RIGHT, MR. ONTJES, DO YOU HAVE A VICTIM IN THIS

6  MATTER?

7           **MR. ONTJES:**  WE DO, YOUR HONOR.

8           **THE COURT:**  DO THEY DESIRE TO BE HEARD?

9           **MR. ONTJES:**  YES, THANK YOU.  AT THIS TIME THE

10  GOVERNMENT WOULD ASK THE COURT TO HEAR FROM A.M., THE

11  VICTIM IN THIS CASE.  WITH HER IS THE VICTIM/WITNESS

12  ASSISTANT.  IF THE COURT WOULD ALLOW THEM TO COME FORWARD.

13           **THE COURT:**  IF SHE WOULD LIKE TO HAVE A SEAT AND

14  BE SEATED WHILE SHE'S BEING HEARD, THAT WILL BE FINE.

15           **MR. ONTJES:**  SHE HAS A PREPARED STATEMENT SHE

16  WOULD LIKE TO READ TO THE COURT.

17           **THE COURT:**  THAT WILL BE FINE.

18           **VICTIM:**  YOUR HONOR, I'M HERE TODAY TO TELL YOU

19  HOW IKE SIMMONS HAS IMPACTED MY LIFE.  HE HAS HURT ME

20  EMOTIONALLY, SEXUALLY AND MENTALLY.  HE MADE ME FEEL

21  DISGUSTING AND LIKE A HORRIBLE PERSON.  HE MADE MY LIFE A

22  LIVING NIGHTMARE.  HE USED TO CALL ME HORRIBLE NAMES.  HE

23  WOULD CALL ME A SLUT AND A WHORE.  HE WOULD CALL ME THE

24  DEVIL AND SAY THAT I WAS NOT A NICE PERSON AND THAT PEOPLE

25  DIDN'T LIKE ME.  HE WOULD GIVE ME DIRTY LOOKS LIKE I WAS

1  THE PERSON DOING SOMETHING WRONG, JUST TO MAKE ME FEEL

2  GUILTY AND SCARED.  HE WOULD THREATEN ME, SAYING HE WOULD

3  TELL MY MOM THINGS THAT I DIDN'T WANT HER TO KNOW OR THAT

4  HE WOULD MAKE MY LIFE WORSE THAN IT ALREADY IS.

5     WHEN I WAS HANGING OUT WITH MY FRIENDS, SOMETIMES HE

6  WOULD HAVE PEOPLE FOLLOW ME.  THEY WOULD CALL HIM OR TEXT

7  HIM AND TELL HIM WHAT I WAS DOING AND WHO I WAS HANGING

8  OUT WITH.  I COULDN'T DO ANYTHING WITHOUT HIM FINDING OUT.

9     I USED TO THINK THAT ME AND MY MOM WERE BEST FRIENDS,

10  AND I TOLD MY MOM PRETTY MUCH EVERYTHING.  BUT BECAUSE IKE

11  WAS SO NOSY AND ALREADY FOUND OUT EVERYTHING, I STOPPED

12  TELLING HER EVERYTHING AND I STARTED TELLING HIM SO THAT

13  HE WOULDN'T CONSTANTLY ASK ME.

14     BECAUSE IKE ABUSED ME, I STARTED DOING THINGS I

15  SHOULDN'T HAVE.  HE CHANGED ME AS A PERSON; HE TURNED ME

16  INTO A MONSTER.  I SAT IN MY ROOM AND I CUT MY WRIST.  I

17  USED POT AND I STARTED LYING TO MY MOM.  I HAD MULTIPLE

18  SEXUAL PARTNERS AND I DID THINGS THAT 15 YEAR OLDS

19  SHOULDN'T DO.  I GOT MYSELF INTO TROUBLE AND I ALWAYS HAD

20  TO CALL IKE TO GET ME OUT OF IT BECAUSE I DIDN'T WANT MY

21  MOM TO KNOW WHAT I WAS DOING.

22     I THINK THAT IF HE DIDN'T ABUSE ME, I WOULD HAVE

23  NEVER DONE SOME OF THE THINGS I STARTED DOING IN THE FIRST

24  PLACE.  IKE ALWAYS MADE ME DO THINGS THAT I WASN'T

25  COMFORTABLE WITH DOING.  I SENT HIM SEXUAL PICTURES

1  BECAUSE HE KNEW MY DREAM WAS TO BE A MODEL.  HE USED THAT

2  AGAINST ME AND ASKED ME TO SHOOT A PORNO VIDEO.  HE

3  BLINDFOLDED ME AND HELD MY NOSE SHUT SO I WOULD BE FORCED

4  TO KISS HIM.

5      FOR THE LONGEST TIME I FELT UGLY, GUILTY AND

6  DISGUSTING.  I HAD SELF-ESTEEM ISSUES ALREADY AND HE

7  DIDN'T HELP THAT AT ALL.  I JUST FELT WORSE ABOUT MYSELF

8  WHEN HE CALLED ME BAD NAMES AND MADE ME DO NASTY STUFF.

9      HE TOOK MY INNOCENCE AWAY, MY VIRGINITY.  I WAS ONLY

10 12 AND I KNEW NOTHING ABOUT SEX.  HE CORRUPTED MY IDEAS OF

11 HEALTHY RELATIONSHIPS AND WHAT I THOUGHT A FATHER SHOULD

12 BE.  HE ALWAYS USED TO SAY THAT I WAS HIS ONLY DAUGHTER

13 AND FOR THAT HE LOVED ME.  I DIDN'T LOVE HIM AND I FELT

14 NOTHING FOR HIM.  HE WAS UGLY AND CREEPY AND DISGUSTING

15 AND I SAW HIM AS A MONSTER.  HE WAS JEALOUS OF EVERYONE I

16 TALKED TO AND MY FRIENDS AND BOYFRIENDS.  I SAW HIM AS

17 NOTHING MORE THAN A REALLY ANNOYING AND CREEPY MAN.  I

18 COULD NEVER THINK OF HIM AS A DAD OR EVEN A FRIEND.  I

19 HONESTLY DIDN'T LIKE HIM.  I PRETENDED TO LIKE HIM SO I

20 WOULDN'T GET MYSELF INTO ANYTHING I COULDN'T GET OUT OF.

21     I THOUGHT THAT OVER TIME I COULD GET RID OF IKE

22 MYSELF, BUT CLEARLY I COULDN'T.  I PROTECTED MYSELF WITH

23 EVERYTHING I DID.  IKE WOULD DO THINGS FOR ME LIKE TAKE ME

24 TO MY FRIENDS' HOUSES OR BUY ME THINGS OR EVEN TAKE ME

25 PLACES, AND IN RETURN HE WOULD SAY THAT I OWED HIM.  I

1  WOULD HAVE TO DO SEXUAL THINGS FOR HIM IN RETURN FOR WHAT

2  HE DID FOR ME.  I HATE THAT WORD BECAUSE I DON'T OWE

3  ANYONE ANYTHING.  I DIDN'T OWE HIM ANYTHING.  THAT WAS

4  JUST HIS WAY OF MANIPULATING ME.

5      IKE SAID THAT HE CARED ABOUT MY BROTHER BUT HE

6  DIDN'T.  I WATCHED AS MY BROTHER WOULD ASK IKE TO DO

7  THINGS FOR HIM AND IKE ALWAYS BLEW HIM OFF.  THE ONLY

8  THING IKE CARED ABOUT WAS HANGING OUT WITH ME SO HE COULD

9  TAKE ADVANTAGE OF ME.  I WISH THAT I HAD BEEN NICER TO MY

10  BROTHER AND BEEN A BETTER BIG SISTER.  I'M NOT THE ONLY

11  ONE IKE HURT.  HE HURT MY MOM, MY BROTHER, AND ME.  WE

12  WERE ALL AFFECTED BY THE CHOICES IKE MADE.

13      NOW I'M 17.  I HAVE A BETTER RELATIONSHIP WITH MY MOM

14  AND MY BROTHER.  I HAVE GOOD GRADES AND I MADE NEW

15  FRIENDS.  I ALSO HAVE MY FREEDOM BACK AND IT FEELS GREAT.

16  I KNOW I'M NOT THE ONLY GIRL HE ABUSED AND I'M SORRY FOR

17  THE OTHERS.  I'M GLAD THAT THE ABUSING STOPPED ON ME AND I

18  BELIEVE THAT IKE IS GETTING WHAT HE DESERVES.  HE IS A

19  HORRIBLE PERSON.  HE IS NASTY, SELFISH, AND AN ABUSING

20  MAN.  I'M AFRAID IF HE GETS OUT HE WILL COME AFTER ME AND

21  TRY TO CONTACT ME.  I DON'T WANT HIM NEAR ME OR ANY OTHER

22  TEEN-AGED GIRLS.  HE SHOULD FEEL THE PAIN AND GUILT THAT

23  HE MADE OTHERS FEEL.

24      THANK YOU, YOUR HONOR, FOR LETTING ME SPEAK TODAY.

25          **THE COURT:**  THANK YOU FOR BEING BRAVE AND COMING

1  FORWARD AND MAKING THIS STATEMENT TO THE COURT.  I WISH

2  YOU WELL AND DO HOPE THAT YOU HAVE REGAINED YOUR

3  SELF-RESPECT AND THAT YOU WILL MOVE FORWARD WITH YOUR

4  LIFE.

5          **VICTIM:**  THANK YOU.

6          **THE COURT:**  MR. ONTJES, ANY FURTHER STATEMENT?

7          **MR. ONTJES:**  I WOULD MAKE THE COURT AWARE SHE

8  HAS BEEN IN COUNSELING FOR SEVERAL YEARS, AND WHILE THE

9  GOVERNMENT WOULD NOT BE ASKING FOR RESTITUTION SINCE THOSE

10 COUNSELING SESSIONS HAVE BEEN PAID FOR BY GOVERNMENT

11 AGENCIES, I WOULD MAKE THE COURT AWARE SHE HAS BEEN

12 GETTING TREATMENT AND TODAY'S A LOT BETTER OFF THAN SHE

13 WAS TWO YEARS AGO.

14         **THE COURT:**  WELL IT'S OBVIOUS SHE HAS COME A

15 LONG WAY.  THAT'S THE EXTENT OF THE PRESENTATION?

16         **MR. ONTJES:**  YES, SIR.  OTHER THAN ARGUMENT,

17 YES, SIR.

18         **THE COURT:**  OKAY.

19         **MR. ONTJES:**  I GUESS ALSO FOR THE RECORD, I

20 WOULD JUST NOTE FOR THE COURT THAT THIS DEFENDANT HAS

21 PROVIDED NO SUBSTANTIAL ASSISTANCE TO THE GOVERNMENT IN

22 ANY FORM AND THEREFORE NO MOTION WILL BE MADE ON HIS

23 BEHALF TODAY.

24         **THE COURT:**  MS. BEMBRY, I WILL BE GLAD TO HEAR

25 FROM YOU.

**Joint Appendix 48**

1          **MS. BEMBRY:**  THANK YOU, YOUR HONOR.

2          YOU KNOW, WE'VE SEEN THESE CASES FROM THE END IN 4248

3     MATTERS, AND NOW WE'RE SEEING THEM FROM THE BEGINNING.

4     THEY'RE VERY DIFFICULT AND CHALLENGING AND EMOTIONAL

5     CASES.

6          IN LOOKING AT THE TOTALITY AND HOW THE COURT SHOULD

7     OR WHAT THEY WILL CONSIDER IN THE SENTENCE, THERE'S A

8     POLICY WITHIN THE SENTENCING GUIDELINES ABOUT ACCEPTING

9     RESPONSIBILITY.  THERE ARE MANY WAYS TO LOOK AT THAT AS

10    OPPOSED TO JUST SAYING I DID IT AND MOVE ON, HAVING A

11    PERSON WRITE A STATEMENT ADVANCING AND ARTICULATING HIS

12    REMORSE, OR IS THERE SOME SORT OF REFLECTION, A MENTAL

13    CHANGE THAT HAPPENS WHEN A PERSON LOOKS AT WHAT HE, IN

14    THIS CASE MR. SIMMONS, HAS DONE.  SIMPLY THE GUIDELINES

15    JUST ENCOURAGE THAT.  MANY DEFENDANTS NEVER ASPIRE TO THAT

16    OR EVEN ACHIEVE THE FULLNESS OF THE ACCEPTANCE.

17        ON MAY 22ND, MR. SIMMONS CAME IN HERE BEFORE OPEN

18    COURT AND HE PLED GUILTY, OR HE ADVISED THE GOVERNMENT

19    THAT HE WAS GOING TO PLEAD GUILTY AND THEN A COUPLE OF

20    DAYS LATER, ON JUNE 6TH, HE CAME IN AND SAID YES, THIS IS

21    WHAT I HAVE DONE.

22        THAT SAVED EVERYONE TIME.  MOST NOTABLY MR. SIMMONS,

23    IN HIS REFLECTION, STARTED TO THINK, YOU KNOW WHAT, MAYBE

24    RESTITUTION IS APPROPRIATE IF SOMEONE IS GOING TO SEEK IT

25    BECAUSE I KNOW THAT WHAT I'VE DONE, MY ACTIONS HAVE

1    FAR-REACHING CONSEQUENCES WELL INTO THE FUTURE FOR THE

2    MINOR IN THIS CASE.  HE LOOKED AT THE EMOTIONAL

3    CONSEQUENCES OF HIS ACT.  HE CONSIDERED THE POTENTIALLY

4    TRAUMATIZING EFFECT OF JUST HAVING HER INVOLVED IN THE

5    LEGAL SYSTEM AND HE SOUGHT TO MITIGATE THIS IMPACT, ANY

6    FORESEEABLE ANXIETY AND TO AVOID IMPEDING HER HEALING.

7        NOW, THIS IS REALLY THROUGH HIS OWN SELF-ANALYSIS.

8    HE DID NOT WANT TO INCREASE THE RISK FOR ANY MENTAL HEALTH

9    ISSUES OR ANY POSTTRAUMATIC STRESS WHICH HAS BEEN SHOWN TO

10   BE A CONSEQUENCE OF THESE KINDS OF OFFENSES AND CAN BE

11   EXACERBATED BY TESTIFYING.  SO IN ACCEPTING HIS

12   RESPONSIBILITY, HE CONSIDERED ALL OF THIS AND HE WANTED TO

13   SPARE THE MINOR IN THIS CASE THE ORDEAL OF HAVING TO

14   RELIVE ANY OF HER EXPERIENCES IN A PUBLIC FORUM.

15       THIS IS IMPORTANT BECAUSE, AS I SAID, SOME DEFENDANTS

16   SAY I DID IT, BUT THIS SHOWS THAT HE HAS ACHIEVED A LEVEL

17   OF REMORSE THAT MAY BE UNCOMMON.  SO BECAUSE HE HAS

18   THOUGHT OUTSIDE OF HIMSELF AND HE HAS COME TO SEE HOW THIS

19   HAS AFFECTED OTHERS -- I MEAN, THERE'S BEEN A DEMISE HERE.

20   HIS MARRIAGE, ANY RELATIONSHIPS THAT WERE IMPORTANT TO

21   HIM, ALL OF THAT IS GONE AND HE UNDERSTANDS THE TOTAL

22   IMPACT OF THAT.  IN PARTICULAR, WHAT HIS CONDUCT HAS DONE

23   TO THIS MINOR.

24       WITH ALL OF THESE CONSIDERATIONS, MR. SIMMONS AND

25   MYSELF ARE ASKING THIS COURT TO GIVE HIM A SENTENCE AT THE

1    BOTTOM OF THE GUIDELINE RANGE.

2        AS I NOTED EARLIER, IT'S A PRETTY LENGTHY SENTENCE.

3    BY THAT TIME HE WOULD BE OF THE AGE WHERE THE

4    CONSIDERATION OR COMMITTING NEW OFFENSES WOULD NOT BE A

5    CONCERN TO THIS COURT OR TO SOCIETY AT LARGE.  THE PURPOSE

6    OF SENTENCING WOULD BE SUFFICIENT WITH A SENTENCE AT THE

7    BOTTOM OF THE GUIDELINE RANGE, AND I ALSO BELIEVE THAT

8    ENOUGH TIME WOULD PASS THAT THERE WOULD BE HEALING

9    THROUGHOUT THE FAMILY AS WELL AS THE COMMUNITY AT LARGE.

10   SO FOR THOSE REASONS, WE ASK THE COURT TO CONSIDER

11   PROVIDING MR. SIMMONS WITH A SENTENCE AT THE BOTTOM OF THE

12   GUIDELINE RANGE.

13       THANK YOU, YOUR HONOR.

14           **THE COURT:**  THANK YOU, MS. BEMBRY.  MR. SIMMONS,

15   ANYTHING YOU WANT TO SAY?

16           **THE DEFENDANT:**  YES, YOUR HONOR.  I CANNOT THINK

17   OF A SINGLE THING TO SAY ON MY BEHALF.  SORRY.  I CANNOT

18   THINK OF A SINGLE THING TO SAY ON MY BEHALF, TO BE HONEST

19   WITH YOU, YOUR HONOR.  SO IF IT'S OKAY, I WOULD LIKE TO

20   APOLOGIZE TO CORI HART FOR BETRAYING HER IN THE WORST

21   POSSIBLE WAY.  I WOULD LIKE TO APOLOGIZE TO ANNA FOR

22   BETRAYING HER IN THE WORST POSSIBLE WAY.

23       I KNOW WHAT I DID WAS TERRIBLE, AND AS FUTILE AS IT

24   SOUNDS IT WAS NEVER MY INTENT.  I'M A VERY SELFISH PERSON

25   AND I REALIZE THAT, AND IT'S BECAUSE I KNOW THIS THAT I

1  FEEL LIKE I HAVE NO RIGHT TO ASK FOR MERCY; ALTHOUGH I

2  DESPERATELY WANT IT, I KNOW I HAVE NO RIGHT TO ASK FOR IT,

3  SO I DON'T.  I NEVER INTENDED ON THE OUTCOME OF OUR

4  RELATIONSHIP.  I NEVER INTENDED TO BE THE MONSTER SHE

5  DESCRIBED.  THAT'S ALL.

6        **THE COURT:**  YOU MAY HAVE A SEAT.  MR. ONTJES.

7        **MR. ONTJES:**  THANK YOU, YOUR HONOR.  JUDGE

8  BRITT, THE UNITED STATES WOULD ASK THIS COURT TO SENTENCE

9  THE DEFENDANT AT THE UPPER END OF THE GUIDELINE RANGE.  WE

10  BELIEVE THAT'S APPROPRIATE HERE BASED ON SEVERAL REASONS.

11      I WOULD AGREE WITH THE DEFENDANT THAT HE DID BETRAY,

12  OR HIS BETRAYAL WAS IN THE WORST POSSIBLE WAY.

13      LOOKING AT THIS DEFENDANT'S RECORD, THERE'S ONLY ONE

14  CONCLUSION, I SUBMIT, THIS COURT CAN MAKE, THAT THIS

15  DEFENDANT IS A SEXUAL PREDATOR WHO MUST BE REMOVED FROM

16  SOCIETY FOR GOOD, FOR LIFE.  HIS RECORD CLEARLY SHOWS A

17  PERSON, STARTING WITH HIS CONVICTION AT CAMP LEJEUNE, HIS

18  MILITARY CONVICTION AS OUTLINED IN THE PRESENTENCE REPORT,

19  PARAGRAPH 14, POSSESSION OF CHILD PORNOGRAPHY, POSSESSION

20  OF OBSCENE MATERIAL, CARNAL KNOWLEDGE WITH A CHILD UNDER

21  THE AGE OF 16.  THAT UPON HIS RELEASE, AS DESCRIBED, LESS

22  THAN TWO YEARS LATER HE IS SEXUALLY ABUSING A 12 YEAR OLD

23  CHILD THAT HE WAS IN CHARGE OF, THAT HE DID BETRAY THE

24  MOTHER THAT HE MARRIED, I SUBMIT TO GET TO THAT CHILD, TO

25  PREY UPON THAT CHILD.  NOT JUST ONCE, JUDGE BRITT, BUT FOR

1   SEVERAL YEARS HE SEXUALLY MANIPULATED, ABUSED FOR HIS OWN

2   TWISTED SEXUAL GRATIFICATION, NOT ONLY FOR HIMSELF BUT AS

3   DESCRIBED IN PARAGRAPH SEVEN, FOR OTHERS.  I DON'T NEED TO

4   GET INTO THE SPECIFICS, I KNOW THE COURT HAS REVIEWED THE

5   PRESENTENCE REPORT.  THE ACTS THIS DEFENDANT PERPETRATED

6   ON THIS CHILD, A 12 YEAR OLD CHILD, FOR THREE YEARS IS

7   DESPICABLE.  IT'S ALL THERE LAID OUT.

8        THE ABUSE THAT THIS CHILD WENT THROUGH, YOU'VE HEARD

9   NOW FROM HER DIRECTLY, HOW IT AFFECTED HER; HOW IT

10  AFFECTED HER RELATIONSHIP WITH HER MOTHER, HER BROTHER,

11  HER FRIENDS, HER SCHOOLING, EVERYTHING.  BY THE GRACE OF

12  GOD, SHE WAS ABLE TO GET OUT OF THAT SITUATION.  SHE WAS

13  SAVED BY THE GREAT WORK THESE DETECTIVES DID HERE TODAY.

14  HOPEFULLY SHE WILL BE ABLE TO PUT IT BEHIND HER.  JUDGE

15  BRITT, AS MUCH COUNSELING AS SHE'S RECEIVED, SHE WILL

16  ALWAYS HAVE THESE SCARS WITH HER THAT THIS MONSTER

17  PERPETRATED ON HER ON A DAILY BASIS.

18        HE WAS IN A POSITION OF AUTHORITY.  HE DID BETRAY

19  THAT TRUST.  FOR THAT, YOUR HONOR, TODAY HE'S GOING TO PAY

20  FOR THAT.  WE BELIEVE, AS DESCRIBED, THE FACTORS

21  CONSIDERED IN 3553(A), THIS COURT MUST CONSIDER THE

22  SERIOUSNESS OF THE OFFENSE, AND I SUBMIT TO THE COURT

23  THERE'S NOTHING MORE SERIOUS THAN WHAT THIS DEFENDANT DID

24  TO THAT CHILD.  I SUBMIT THE COURT MUST CONSIDER THE

25  ADEQUATE DETERRENCE THAT AN APPROPRIATE SENTENCE WOULD

1    REFLECT, AND I SUBMIT THE LIFE SENTENCE IS THAT

2    APPROPRIATE SENTENCE.

3         FINALLY, MOST IMPORTANTLY, JUDGE BRITT, AS THIS

4    COURT'S AWARE, UNDER 3553(A), TO PROTECT SOCIETY FROM THIS

5    SEXUAL PREDATOR.  I WOULD SUBMIT TO YOU A GUIDELINE

6    SENTENCE AT THE TOP OF THE RANGE WOULD ACHIEVE THAT GOAL.

7    THANK YOU.

8         **THE COURT:**  I WOULD POINT OUT THAT I HAVE READ

9    THE GUIDELINE RANGE IS 360 MONTHS TO 600 MONTHS, BUT THE

10   STATUTORY PROVISION IS 25 TO 50 YEARS.  WERE IT NOT FOR

11   THAT STATUTORY IMPACT, THE GUIDELINE RANGE WOULD HAVE READ

12   360 MONTHS TO LIFE, BUT IT READS 360 MONTHS TO 600 MONTHS.

13        WELL, AS REQUIRED BY LAW, THIS COURT MUST START WITH

14   THE GUIDELINE RANGE, WHICH I HAVE INDICATED IS 360 TO 600

15   MONTHS, AND ANY DEPARTURES THEREUNDER, AND I FIND NO

16   REASON FOR A DEPARTURE UNDER THE GUIDELINES.

17        THE COURT MUST THEN CONSIDER THE 3553 FACTORS.

18   THAT'S REFERRING TO A STATUTE, FOR THOSE OF YOU WHO ARE

19   NOT VERSED IN CRIMINAL LAW.  THE MOST IMPORTANT OF WHICH

20   IS THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE

21   HISTORY AND CHARACTERISTICS OF THE DEFENDANT.

22        THE HISTORY -- THE NATURE AND CIRCUMSTANCES OF THE

23   OFFENSE HAVE BEEN GRAPHICALLY REFERRED TO HERE TODAY IN

24   SOMEWHAT MUTED TERMS.

25        THERE'S SOME YOUNG MAN BACK HERE IN THE BACK WHO'S SO

```
 1   INTERESTED IN TALKING TO SOMEBODY ELSE, I WOULD ASK YOU TO

 2   PLEASE GO OUTSIDE AND DO YOUR TALKING.  YOU KNOW WHO I AM

 3   TALKING ABOUT.  THE ONE RIGHT THERE BEHIND MR. HOSFORD.

 4   MR. HOSFORD, TURN AROUND.  THAT YOUNG MAN.  IF YOU WILL

 5   JUST GET UP AND GO OUTSIDE THE COURTROOM.  I'M TAKING PART

 6   IN THE MOST CRITICAL PART OF THE ADMINISTRATION OF JUSTICE

 7   HERE TODAY.  IF THERE ARE OTHERS IN THIS COURTROOM WHO ARE

 8   INTERESTED IN HEARING WHAT'S GOING ON, BEING SAID HERE, I

 9   HOPE YOU WILL STAY WITH US.  BUT IF YOU ARE SO CONSUMED

10   WITH SOMETHING ELSE THAT YOU HAVE TO BE TALKING TO A

11   NEIGHBOR, THEN PLEASE GET UP AND LEAVE BECAUSE IT SHOWS

12   DISRESPECT FOR THIS COURT, IT SHOWS DISRESPECT FOR ME

13   BECAUSE I'M TRYING TO CONCENTRATE AND WHEN I LOOK UP AND

14   SEE TWO PEOPLE SITTING BACK THERE DOING THIS, IT IS

15   TERRIBLY DISTURBING TO ME.  MAYBE WHOEVER HE WAS TALKING

16   TO, MAYBE YOU CAN TELL HIM WHAT I SAID.

17        SO IF I GET MY THOUGHTS BACK, THE NATURE AND

18   CIRCUMSTANCES OF THE OFFENSE JUST COULD NOT BE MORE

19   HORRIBLE.  WE'VE GOT A STEPFATHER WHO STARTS MOLESTING HIS

20   STEPDAUGHTER WHEN SHE IS ONLY 12 YEARS OLD, AND THAT

21   CONTINUES FOR A PERIOD OF FOUR YEARS.  SO I NEED NOT SPEND

22   MUCH TIME ON THE NATURE AND CHARACTERISTICS OF THE

23   OFFENSE; IT'S ABOUT AS BAD AS YOU CAN GET.

24        THE CHARACTERISTICS OF THE DEFENDANT.  UNFORTUNATELY,

25   AS MR. ONTJES POINTED OUT, HE HAS A PRIOR RECORD OF
```

1    MOLESTING A CHILD AND HE WAS CHARGED AND FOUND GUILTY OR

2    PLED GUILTY.  THAT'S RIGHT, HE PLED GUILTY IN 2003 TO

3    POSSESSION OF CHILD PORNOGRAPHY, POSSESSION OF OBSCENE

4    MATERIAL, CARNAL KNOWLEDGE WITH A CHILD UNDER THE AGE OF

5    16.  I DON'T KNOW WHAT THE CHILD'S AGE WAS.  SODOMY WITH A

6    CHILD UNDER THE AGE OF 16.  THIS WAS IN THE MILITARY.  HE

7    PLED GUILTY AND RECEIVED A SENTENCE FOR THAT OFFENSE.  SO

8    YOU CAN SEE HE DOES NOT COME BEFORE THIS COURT WITH A

9    CLEAN SLATE.

10        THE COURT THEN MUST CONSIDER THE NEED OF THE SENTENCE

11   IMPOSED:  A, TO REFLECT THE SERIOUSNESS OF THE OFFENSE, TO

12   PROMOTE RESPECT FOR THE LAW, AND TO PROVIDE JUST

13   PUNISHMENT FOR THE OFFENSE.

14        WELL, THE DISCRETION GIVEN TO THIS COURT IS PRETTY

15   BROAD, BUT I CAN'T IMAGINE A RANGE OF SENTENCE THAT I

16   WOULD CONSIDER TOO SEVERE, UNLESS IT WOULD BE THE DEATH

17   PENALTY, FOR HIM.  PROBABLY WOULD FEEL THAT WAS TOO

18   SEVERE.

19        B, TO AFFORD ADEQUATE DETERRENCE TO CRIMINAL CONDUCT.

20        I GUESS THAT'S REALLY REFERRING TO THE EFFECT OF THIS

21   SENTENCE ON OTHERS.  DOES IT DETER OTHER PEOPLE FROM

22   ENGAGING IN CONDUCT SUCH AS THIS DEFENDANT HAS ENGAGED IN

23   IN THIS CASE?  THERE AGAIN, IT MAY BE DEBATABLE HOW MUCH

24   DETERRENCE ANY SENTENCE IS ON SOMEONE ELSE'S CONDUCT, BUT

25   TO THE EXTENT THAT IT IS, THEN THIS COURT MUST MAKE THE

1    SENTENCE SEVERE.

2         C, TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE

3    DEFENDANT.

4         THAT, MY FRIENDS, IN THIS PARTICULAR CASE IS THE KEY.

5    THIS DEFENDANT HAS SHOWN -- HE JUST GOT OUT OF -- HADN'T

6    BEEN TOO LONG GETTING OUT OF CUSTODY FOR THE OFFENSE THAT

7    I REFERRED TO EARLIER AND HE MARRIED THIS YOUNG LADY'S

8    MOTHER AND IMMEDIATELY STARTED THIS TERRIBLE CONDUCT WITH

9    HER, AND HE ADMITS IT.  I DO GIVE HIM CREDIT HERE TODAY

10   FOR SAYING THAT HE DIDN'T DESERVE MERCY, THAT HE HAD TO

11   ADMIT THAT IT WAS HORRIBLE.

12        AND THE LAST CONSIDERATION THE COURT MUST HAVE IS TO

13   PROVIDE THE DEFENDANT WITH NEEDED EDUCATIONAL OR

14   VOCATIONAL TRAINING, MEDICAL CARE, OR OTHER CORRECTIONAL

15   TREATMENT IN THE MOST EFFECTIVE MANNER.  THAT IS, IN MANY

16   CASES, THE PREEMINENT CONSIDERATION OF THE COURT, AND IN

17   THIS IT IS THE LEAST IMPORTANT BECAUSE OF THE OUTSTANDING

18   IMPORTANCE OF THE OTHERS, PARTICULARLY, AND I REPEAT, TO

19   PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.

20        MR. SIMMONS, IF YOU WILL STAND UP, PLEASE.

21        EXCEPT AS HERETOFORE STATED, THE COURT FINDS THE

22   BASES FOR THE FINDINGS CONTAINED IN THE PRESENTENCE REPORT

23   CREDIBLE AND RELIABLE, AND THEREFORE THE COURT ADOPTS

24   THOSE FINDINGS.  BASED ON THOSE FINDINGS, THE COURT HAS

25   CALCULATED THE IMPRISONMENT RANGE PRESCRIBED BY THE

1   ADVISORY SENTENCING GUIDELINES.  THE COURT HAS CONSIDERED

2   THAT RANGE AS WELL AS OTHER RELEVANT FACTORS SET FORTH IN

3   THE ADVISORY SENTENCING GUIDELINES AND THOSE SET FORTH IN

4   18 U.S.C. SECTION 3553(A).

5       PURSUANT TO THE SENTENCING REFORM ACT OF 1984, AND IN

6   ACCORDANCE WITH THE SUPREME COURT DECISION IN *UNITED*

7   *STATES AGAINST BOOKER*, IT'S THE JUDGMENT OF THE COURT THAT

8   THE DEFENDANT, IKE DAVID SIMMONS, IS HEREBY COMMITTED TO

9   THE CUSTODY OF THE BUREAU OF PRISONS TO BE IMPRISONED FOR

10  A TERM OF 600 MONTHS.

11      UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL

12  BE PLACED ON SUPERVISED RELEASE FOR A PERIOD OF 20 YEARS.

13  WITHIN 72 HOURS OF RELEASE FROM THE CUSTODY OF THE BUREAU

14  OF PRISONS, THE DEFENDANT SHALL REPORT IN PERSON TO THE

15  PROBATION OFFICE IN THE DISTRICT TO WHICH HE IS RELEASED.

16  WHILE ON SUPERVISED RELEASE, HE SHALL NOT COMMIT ANOTHER

17  FEDERAL, STATE, OR LOCAL CRIME AND SHALL NOT ILLEGALLY

18  POSSESS A CONTROLLED SUBSTANCE.  HE SHALL NOT POSSESS A

19  FIREARM OR DESTRUCTIVE DEVICE.

20      HE SHALL COMPLY WITH THE STANDARD CONDITIONS THAT

21  HAVE BEEN ADOPTED BY THE COURT AND THE FOLLOWING

22  ADDITIONAL CONDITIONS, WHICH THE COURT FINDS APPROPRIATE

23  AFTER CONSIDERATION OF THE FACTORS UNDER 18 U.S.C. SECTION

24  3553(A):  THE NATURE OF THE OFFENSE, THE DEFENDANT'S USE

25  OF A COMPUTER AND VIDEO RECORDING EQUIPMENT, AND THE NEED

**Joint Appendix 58**

1    FOR MENTAL HEALTH AND SEX OFFENDER TREATMENT.

2        THE DEFENDANT SHALL SUBMIT TO A PSYCHO-SEXUAL

3    EVALUATION BY A QUALIFIED MENTAL HEALTH PROFESSIONAL WHOSE

4    EXPERIENCE IN EVALUATING SEXUAL OFFENDERS AND WHO'S

5    APPROVED BY THE U. S. PROBATION OFFICE.

6        THE DEFENDANT SHALL PARTICIPATE IN A PROGRAM OF

7    MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION

8    OFFICE.  HE SHALL PARTICIPATE IN A SEXUAL OFFENDER

9    TREATMENT PROGRAM AS DIRECTED BY THE PROBATION OFFICE AND

10   COMPLY WITH AND ABIDE BY ALL THE RULES, REQUIREMENTS AND

11   CONDITIONS OF THE TREATMENT PROGRAM UNTIL DISCHARGED.  HE

12   SHALL TAKE MEDICATION AS PRESCRIBED BY THE TREATMENT

13   PROVIDER.

14        AT THE DIRECTION OF THE PROBATION OFFICE, THE

15   DEFENDANT SHALL SUBMIT TO PHYSIOLOGICAL TESTING, WHICH MAY

16   INCLUDE BUT IS NOT LIMITED TO, POLYGRAPH EXAMINATIONS OR

17   OTHER TESTS TO MONITOR THE DEFENDANT'S COMPLIANCE WITH

18   PROBATION OR SUPERVISED RELEASE AND TREATMENT CONDITIONS.

19   MADAM CLERK, STRIKE THAT PROVISION.  I DO NOT INTEND TO

20   INCLUDE THAT.

21        THE DEFENDANT'S RESIDENCE AND EMPLOYMENT SHALL BE

22   APPROVED BY THE PROBATION OFFICER.  ANY PROPOSED CHANGE IN

23   RESIDENCE OR EMPLOYMENT MUST BE PROVIDED TO THE U. S.

24   PROBATION OFFICER AT LEAST TEN DAYS PRIOR TO THE CHANGE

25   AND PREAPPROVED BEFORE THE CHANGE MAY TAKE PLACE.

1    THE DEFENDANT SHALL NOT POSSESS ANY MATERIAL

2    DEPICTING AND/OR DESCRIBING CHILD PORNOGRAPHY AND/OR

3    SIMULATED CHILD PORNOGRAPHY, AS DEFINED IN 18 U.S.C.

4    SECTION 2256, NOR SHALL THE DEFENDANT ENTER ANY LOCATION

5    WHERE SUCH MATERIALS MAY BE ACCESSED, OBTAINED, OR VIEWED.

6    HE SHALL COMPLY WITH THE REQUIREMENTS OF THE SEX

7    OFFENDER REGISTRATION AND NOTIFICATION ACT, AS DIRECTED BY

8    THE PROBATION OFFICER, THE BUREAU OF PRISONS, OR ANY STATE

9    OR TRIBAL GOVERNMENT SEX OFFENDER REGISTRATION AGENCY IN A

10    STATE WHERE THE DEFENDANT RESIDES, WORKS, IS A STUDENT OR

11    WAS CONVICTED OF A QUALIFYING CRIME.

12    THE DEFENDANT SHALL NOT ASSOCIATE WITH OR HAVE

13    VERBAL, WRITTEN, TELEPHONIC, OR ELECTRONIC COMMUNICATIONS

14    WITH ANY PERSON UNDER THE AGE OF 18, EXCEPT:  ONE, IN THE

15    PRESENCE OF THE PARENT OR LEGAL GUARDIAN OF SAID MINOR;

16    TWO, ON THE CONDITION THAT THE DEFENDANT NOTIFIES THE

17    PARENT OR LEGAL GUARDIAN OF THE DEFENDANT'S CONVICTION OR

18    PRIOR HISTORY; AND THREE, WITH SPECIFIC, WRITTEN APPROVAL

19    FROM THE U. S. PROBATION OFFICER.  THIS PROVISION DOES NOT

20    ENCOMPASS PERSONS UNDER THE AGE OF 18 WITH WHOM THE

21    DEFENDANT MUST DEAL IN ORDER TO OBTAIN ORDINARY AND USUAL

22    COMMERCIAL SERVICES.  FOR EXAMPLE:  SERVERS, CASHIERS,

23    TICKET VENDORS, ET CETERA.

24    THE DEFENDANT SHALL NOT LOITER WITHIN A THOUSAND FEET

25    OF ANY AREA WHERE MINORS FREQUENTLY CONGREGATE.  FOR

**Joint Appendix 60**

1    EXAMPLE:  PARKS, SCHOOL PROPERTY, AMUSEMENT PARKS, ET

2    CETERA, WITHOUT PRIOR WRITTEN PERMISSION FROM THE U. S.

3    PROBATION OFFICER.

4        THE DEFENDANT SHALL NOT USE, PURCHASE, POSSESS,

5    PROCURE, OR OTHERWISE OBTAIN ANY COMPUTER OR ELECTRONIC

6    DEVICE THAT CAN BE LINKED TO ANY COMPUTER NETWORKS,

7    BULLETIN BOARDS, INTERNET, INTERNET SERVICE PROVIDERS, OR

8    EXCHANGE FORMATS INVOLVING COMPUTERS UNLESS APPROVED BY

9    THE U.S. PROBATION OFFICE.

10        TO ENSURE COMPLIANCE WITH SUPERVISION, THE DEFENDANT

11    SHALL SUBMIT TO UNANNOUNCED SEARCHES OF ANY COMPUTER OR

12    COMPUTER EQUIPMENT, INCLUDING MOBILE PHONES, WHICH, IN THE

13    DISCRETION OF THE U.S. PROBATION OFFICER, MAY INCLUDE THE

14    USE OF COMPUTER MONITORING TECHNOLOGY, COMPUTER SEARCH OR

15    ANALYSIS SOFTWARE, AND COPYING OF ALL DATA FROM THE DEVICE

16    AND EXTERNAL PERIPHERALS.  SUCH EXAMINATION MAY REQUIRE

17    THE REMOVAL OF DEVICES FROM THE DEFENDANT'S POSSESSION FOR

18    THE PURPOSE OF CONDUCTING A THOROUGH INSPECTION.

19        AT THE DIRECTION OF THE PROBATION OFFICER, THE

20    DEFENDANT SHALL CONSENT TO THE INSTALLATION OF SYSTEMS OR

21    SOFTWARE THAT WILL ALLOW THE PROBATION OFFICER OR DESIGNEE

22    TO MONITOR COMPUTER USE ON ANY COMPUTER THAT THE DEFENDANT

23    OWNS OR IS AUTHORIZED TO USE.  THE DEFENDANT SHALL PAY THE

24    COSTS OF THIS MONITORING.

25        THE DEFENDANT SHALL NOT USE, POSSESS, OR CONTROL ANY

```
 1   COMPUTER-BASED COUNTER FORENSIC TOOLS.  THE DEFENDANT

 2   SHALL NOT USE OR HAVE INSTALLED ANY PROGRAMS SPECIFICALLY

 3   AND SOLELY DESIGNED TO ENCRYPT DATA, FILES, FOLDERS, OR

 4   VOLUMES OF ANY MEDIA.  HE SHALL, UPON REQUEST, IMMEDIATELY

 5   PROVIDE THE PROBATION OFFICER WITH ANY AND ALL PASSWORDS

 6   REQUIRED TO ACCESS DATA COMPRESSED OR ENCRYPTED FOR

 7   STORAGE BY ANY SOFTWARE.

 8       HE SHALL SUBMIT TO A SEARCH OF HIS PERSON, HOUSE,

 9   RESIDENCE, VEHICLE, PAPERS, COMPUTER, OTHER ELECTRONIC

10   COMMUNICATION OR DATA STORAGE DEVICES OR MEDIA, AND

11   EFFECTS AT ANY TIME, WITH OR WITHOUT A WARRANT.  THE

12   SEARCH MAY BE CONDUCTED BY ANY LAW ENFORCEMENT OFFICER OR

13   PROBATION OFFICER WITH REASONABLE SUSPICION CONCERNING A

14   VIOLATION OF A CONDITION OF SUPERVISION OR UNLAWFUL

15   CONDUCT BY THE PERSON, AND BY ANY PROBATION OFFICER IN THE

16   LAWFUL DISCHARGE OF THE OFFICER'S SUPERVISION FUNCTIONS.

17       HE SHALL COOPERATE IN THE COLLECTION OF DNA, AS

18   DIRECTED BY THE PROBATION OFFICER.

19       HE SHALL SUBMIT TO A URINALYSIS TEST WITHIN 15 DAYS

20   OF RELEASE FROM IMPRISONMENT AND AT LEAST TWO PERIODIC

21   URINALYSIS TESTS THEREAFTER, AS DIRECTED BY THE PROBATION

22   OFFICER, PURSUANT TO 18 U.S.C. SECTION 3608.

23       IT IS FURTHER ORDERED THAT THE DEFENDANT PAY THE

24   UNITED STATES A SPECIAL ASSESSMENT OF $100, DUE

25   IMMEDIATELY.
```

1      ALTHOUGH PROVISIONS OF THE VICTIM AND WITNESS

2   PROTECTION ACT ARE APPLICABLE, AS THERE ARE NO KNOWN

3   LOSSES ASSOCIATED WITH THIS OFFENSE, RESTITUTION IS NOT AT

4   ISSUE.

5      THE COURT FINDS THE DEFENDANT DOES NOT HAVE THE

6   ABILITY TO PAY A FINE IN ADDITION TO PROVIDING FINANCIAL

7   SUPPORT TO HIS DEPENDENT, SO NONE IS IMPOSED.

8      INASMUCH AS THE RANGE EXCEEDS 24 MONTHS, THE COURT

9   HAS IMPOSED A SENTENCE AT THE TOP OF THE RANGE IN ORDER TO

10  ACCOUNT FOR THE DEFENDANT'S MULTIPLE MILITARY SEX OFFENSE

11  CONVICTIONS AND TO ACCOUNT FOR THE REPEATED SEXUAL ABUSE

12  ENDURED BY THE VICTIM OVER A PERIOD OF FOUR YEARS AT THE

13  HANDS OF THE DEFENDANT.

14      MR. MARSHAL, HE'S IN YOUR CUSTODY.

15      MR. ONTJES, DO YOU MOVE TO DISMISS COUNTS TWO THROUGH

16  11?

17          **MR. ONTJES:**  I DO, YOUR HONOR.

18          **THE COURT:**  LET THEM BE DISMISSED.

19

20

21

22

23

24              END OF TRANSCRIPT

25

**Joint Appendix 63**

```
 1                            CERTIFICATE

 2        THIS IS TO CERTIFY THAT THE FOREGOING TRANSCRIPT OF

 3   PROCEEDINGS TAKEN AT THE CRIMINAL SESSION OF UNITED STATES

 4   DISTRICT COURT IS A TRUE AND ACCURATE TRANSCRIPTION OF THE

 5   PROCEEDINGS TAKEN BY ME IN MACHINE SHORTHAND AND

 6   TRANSCRIBED BY COMPUTER UNDER MY SUPERVISION.

 7        THIS THE 14TH DAY OF JANUARY, 2015.

 8

 9                            /S/ DONNA J. TOMAWSKI

10                            DONNA J. TOMAWSKI
                             OFFICIAL COURT REPORTER
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**Joint Appendix 64**

✎AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 1

# UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| Eastern | District of | North Carolina |

UNITED STATES OF AMERICA

**V.**

Ike David Simmons

## JUDGMENT IN A CRIMINAL CASE

Case Number: 5:14-CR-7-1BR

USM Number:58353-056

Cindy J. Bembry
_____
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)    1 of the Indictment

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) & (d) | Manufacture of child pornography | 7/31/2013 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)    2-11 of Indictment    ☐ is ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Sentencing Location:

Raleigh, NC

11/3/2014
_____
Date of Imposition of Judgment

W. EARL BRITT, SENIOR U.S. DISTRICT JUDGE
_____
Name and Title of Judge

11/6/2014
_____
Date

**Joint Appendix 65**

AO 245B    (Rev. 12/03) Judgment in Criminal Case
NCED    Sheet 2 — Imprisonment

Judgment — Page  2  of  6

DEFENDANT: Ike David Simmons
CASE NUMBER: 5:14-CR-7-1BR

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**Count 1 - 600 months**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.    on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before ____ p.m. on _____ .

    ☐ as notified by the United States Marshal.    ☐ Or

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

**Joint Appendix 66**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 3 — Supervised Release

| | Judgment—Page 3 of 6 |
|---|---|

DEFENDANT: Ike David Simmons
CASE NUMBER: 5:14-CR-7-1BR

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**Count 1 - 20 years**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☑ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five (5) days of each month.

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

4. The defendant shall support the defendant's dependents and meet other family responsibilities.

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

6. The defendant shall notify the probation officer at least then (10) days prior to any change of residence or employment.

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8. The defendant shall not frequent places where controlled substances are illegally sold, used distributed, or administered, or other places specified by the court.

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

10. The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11. The defendant shall notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED         Sheet 3C — Supervised Release

Judgment—Page __4__ of __6__

DEFENDANT:  Ike David Simmons
CASE NUMBER:  5:14-CR-7-1BR

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation office.

The defendant shall provide the probation office with access to any requested financial information.

The defendant shall submit to a psycho-sexual evaluation by a qualified mental health professional who is experienced in evaluating sexual offenders and who is approved by the U.S. Probation Officer.

The defendant shall participate in a program of mental health treatment, as directed by the probation office.

The defendant shall participate in a sex offender treatment program as directed by the U.S. Probation Officer, and the defendant shall comply with and abide by all the rules, requirements, and conditions of the treatment program until discharged. The defendant shall take medication as prescribed by the treatment provider.

The defendant's residence and employment shall be approved by the U.S. Probation Officer. Any proposed change in residence or employment must be provided to the U.S. Probation Officer at least ten days prior to the change and pre-approved before the change may take place.

The defendant shall not possess any materials depicting and/or describing "child pornography" and/or "simulated child pornography" as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained or viewed.

The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the U.S. Probation Officer, the Bureau of Prisons, or any state or tribal government sex offender registration agency in a state where the defendant resides, works, is a student, or was convicted of a qualifying crime.

The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of 18 with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., servers, cashiers, ticket vendors, etc.).

The defendant shall not loiter within 1,000 feet of any area where minors frequently congregate (e.g., parks, school property, playgrounds, arcades, amusement parks, day-care centers, swimming pools, community recreation fields, zoos, youth centers, video arcades, carnivals, and circuses) without prior written permission from the U.S. Probation Officer.

The defendant shall not use, purchase, possess, procure, or otherwise obtain any computer or electronic device that can be linked to any computer networks, bulletin boards, internet, internet service providers, or exchange formats involving computers unless approved by the U.S. Probation Officer.

To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones) which, in the discretion of the U.S. Probation Officer, may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from your possession for the purpose of conducting a thorough inspection.

At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media.

The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

The defendant shall submit to a search of his person, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant. The search may be conducted by any law enforcement officer or probation officer with reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED       Sheet 5 — Criminal Monetary Penalties

Judgment — Page    5    of    6

DEFENDANT: Ike David Simmons
CASE NUMBER: 5:14-CR-7-1BR

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

**Joint Appendix 69**

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
NCED    Sheet 6 — Schedule of Payments

Judgment — Page ___6___ of ___6___

DEFENDANT:  Ike David Simmons
CASE NUMBER:  5:14-CR-7-1BR

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☑ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☑ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

    Payment of the $100.00 special assessment is due in full immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

    As detailed in the Consent Decree for Forfeiture filed in open court on 11/3/2014.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**Joint Appendix 70**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CR-7-1BR

UNITED STATES OF AMERICA

v.                                                    NOTICE OF APPEAL

IKE DAVID SIMMONS

Pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, NOTICE IS HEREBY

GIVEN that the defendant, Ike D. Simmons, hereby appeals to the Fourth Circuit Court of Appeals

from the judgment entered in this court in the above-captioned case.  As judgment was entered by

the Honorable Judge W. Earl Britt on November 3, 2014, this notice is therefore filed within the

time specification established in Rule 4(b).

Respectfully requested this 7th day of November, 2014.

THOMAS P. McNAMARA
Federal Public Defender


*/s/ Cindy J. Bembry*
CINDY J. BEMBRY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Cindy_Bembry@fd.org
N.C. State Bar No. 41788
LR 57.1 Counsel
Appointed

1

**Joint Appendix 71**

*CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that a copy of the foregoing was served upon:

ETHAN A. ONTJES
Assistant United States Attorney
Suite 800, Federal Building
310 New Bern Avenue
Raleigh, NC 27601-1461

by electronically filing the foregoing with the Clerk of Court on November 7, 2014, using the
CM/ECF system which will send notification of such filing to the above.

This the 7th day of November, 2014.

*/s/ Cindy J. Bembry*
CINDY J. BEMBRY
Assistant Federal Public Defender
Attorney for Defendant
Office of the Federal Public Defender
150 Fayetteville Street, Suite 450
Raleigh, North Carolina 27601
Telephone: 919-856-4236
Fax: 919-856-4477
E-mail: Cindy_Bembry@fd.org
N.C. State Bar No. 41788
LR 57.1 Counsel
Appointed

## CERTIFICATE OF SERVICE

### CM/ECF - Mixed Service

I hereby certify that on March 4, 2015, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will send notice of such

filing to the following to the following registered CM/ECF users:

> MS. JENNIFER P. MAY-PARKER
> USANCE.ECFAPPEALS@USDOJ.GOV

I further certify that on March 4, 2015, I have mailed the foregoing document by First-

Class Mail, postage prepaid, to the following non-CM/ECF participants, addressed as follows:

> MS. JENNIFER P. MAY-PARKER
>  Assistant United States Attorney
>  Terry Sanford Federal Building
> 310 New Bern Avenue, Suite #800
> Raleigh, North Carolina 27601-1461

*/s/ Eric J. Brignac*